**Sybil R. BIRCH, Plaintiff and Respondent,**

v.

**Allan G. BIRCH, Defendant and Appellant.**

No. 870457–CA.

Court of Appeals of Utah.

April 10, 1989.

Rehearing Denied May 3, 1989.

Robert C. Cummings, Salt Lake City, for defendant and appellant.

Sybil R. Brooks, Albuquerque, N.M., pro se.

Before GARFF, GREENWOOD and ORME, JJ.

## OPINION

ORME, Judge:

This is an appeal from the denial of a motion for relief from judgment. Appellant claims he entered into a stipulation under duress and that his former wife fraudulently failed to disclose certain financial information prior to the stipulation. He also appeals the denial of his motion to disqualify the judge who granted the divorce from hearing his motion for relief from judgment.

## FACTS

In June 1983, plaintiff Sybil Birch, now known as Sybil Brooks ("Brooks"), filed for divorce from her husband, defendant Allan Birch ("Birch"). After the parties filed financial declarations and attended a conference before a commissioner, the matter was scheduled for trial before Judge Rigtrup. Immediately before the scheduled trial, Judge Rigtrup convened a conference and suggested the parties try to settle the matter. Unfortunately, the conference was not recorded. The parties and their respective counsel then met for several hours before returning with a detailed stipulation, which was read into the record. The stipulation provided for the division of property, including a $20,000 cash payment to Brooks. The stipulation provided that Birch would retain the family home, but that Brooks would be entitled to a lien on the home to secure payment to her of the $20,000. After both parties told the judge, on the record, that they understood and agreed to the stipulation, Judge Rigtrup approved the stipulation and stated he would grant a decree of divorce based thereon.

The court entered its judgment on February 20, 1986. On May 19, Birch filed a motion for relief from judgment pursuant to Utah R.Civ.P. 60(b), and for disqualifica-

tion of Judge Rigtrup for bias pursuant to Utah R.Civ.P. 63(b). The motions, supported only by Birch's affidavit, were referred to Judge Daniels. Judge Daniels denied Birch's motion to disqualify because he found the supporting affidavit to be legally insufficient. Accordingly, Judge Daniels referred the motion for relief from judgment back to Judge Rigtrup for consideration. Judge Rigtrup denied that motion.

Birch claims on appeal, through new counsel, that Judge Daniels erred in not disqualifying Judge Rigtrup for bias. He urges reversal of that decision and remand with instructions that the motion for relief from judgment be considered by another judge. Assuming we do not disturb Judge Daniels' ruling, he contends, alternatively, that Judge Rigtrup erred in refusing to grant him relief from judgment, and asks us to order such relief. We first consider the disqualification issue.

## DISQUALIFICATION OF JUDGE

Utah R.Civ.P. 63(b) provides, in part, as follows:

Whenever a party to any action ... shall make and file an affidavit that the judge before whom such action or proceeding is to be tried or heard has a bias or prejudice, ... such judge shall proceed no further therein, except to call in another judge to hear and determine the matter.

... If the judge against whom the affidavit is directed questions the sufficiency of the affidavit, he shall enter an order directing that a copy thereof be forthwith certified to another judge (naming him) of the same court or of a court of like jurisdiction, which judge shall then pass upon the legal sufficiency of the affidavit.

The thrust of Birch's affidavit was that Judge Rigtrup "appeared to have his mind made up about me and the case when I went into chambers." Birch also claims the judge refused to consider any evidence he attempted to present. Birch cites comments the judge allegedly made concerning custody of the parties' child as well as a statement by the judge to the effect that the parties could either settle the matter

before trial, or proceed with the trial and end up with the same result. He also claims the judge interviewed the parties' child *in camera*, on a prior occasion, without Birch's knowledge. Birch claims he agreed to the property settlement only "because it appeared futile to try to present evidence, given the Judge's attitude." [1]

As a prerequisite to considering the merits of Birch's claim, we must first determine whether his challenge was timely filed. Rule 63 requires that a motion to disqualify be filed "as soon as practicable after the ... prejudice is known." Utah R.Civ.P. 63(b). Birch waited eighty-eight days after the alleged demonstration of bias by Judge Rigtrup to file his motion.

The phrase "as soon as practicable," as it appears in Rule 63, was recently interpreted by the Utah Supreme Court. *See Madsen v. Prudential Fed. Sav. & Loan Ass'n,* 767 P.2d 538 (1988). In *Madsen,* defendant waited thirty-nine days after discovering the alleged prejudice to file its motion. *Id.* at 540. The Court held that the thirty-nine day delay rendered the motion untimely. *Id.* "We see no reason why the affidavit of prejudice and motion to disqualify should have taken more than ten days to prepare and file, especially since this case was at an advanced stage." *Id.* at 541. Under the Supreme Court's decision in *Madsen,* it is clear the eighty-eight days Birch waited to file his motion for disqualification rendered the motion untimely.

Because of the untimeliness of the motion, it is unnecessary for us to reach the merits of Birch's claim concerning the legal sufficiency of his affidavit. Accordingly, Judge Daniels' decision is affirmed.

## RELIEF FROM JUDGMENT

Birch also claims that the denial of his motion for relief from judgment was, in any event, improper. Birch claims he is entitled to relief from the divorce decree on three grounds. First, emphasizing he is a paraplegic, he claims he entered into the stipulation under duress engendered by

Judge Rigtrup. He relies on the same statements allegedly made by Judge Rigtrup which he claims also show bias. Second, Birch claims Brooks fraudulently misrepresented certain financial information, namely the amount of her income. Third, Birch claims that Judge Rigtrup abused his discretion in suggesting Brooks be given a lien on the family home.

Birch's claims raise two immediate concerns. First, Birch relies on statements allegedly made by Judge Rigtrup in chambers during a conference of which no record was made. Second, there is an institutional hesitancy to relieve a party from a stipulation negotiated and entered into with the advice of counsel.

## Lack of Record

Birch's claim that he entered into the stipulation under duress caused by pressure from Judge Rigtrup is primarily based on unrecorded comments allegedly made by Judge Rigtrup in chambers. While the affidavit filed by Birch makes specific references to these comments, these allegations are disputed both by Judge Rigtrup himself and through affidavits filed by Brooks and her former attorney.

As we have previously held, a record should be made of *all* proceedings of courts of record. *Briggs v. Holcomb,* 740 P.2d 281, 283 (Utah Ct.App.1987). That precept applies to conferences in chambers as well as more formal proceedings. *Id.* Failure to make a complete record can be grounds for reversal. *See id.* While the court shares responsibility to insure that an adequate record is made, at the same time "[t]he burden is on the parties to make certain that the record they compile will adequately preserve their arguments for review in the event of an appeal." *Franklin Fin. v. New Empire Dev. Co,* 659 P.2d 1040, 1045 (Utah 1983).

In *Hansen v. Stewart,* 761 P.2d 14 (Utah 1988), a conference was held in chambers

---

1. Birch also draws our attention to an allegedly unsympathetic remark Judge Rigtrup made concerning Birch's confinement to a wheelchair. However, that remark was made during subsequent proceedings and was not raised in the disqualification motion.

without a court reporter present. The plaintiffs in that case claimed to have made objections to jury instructions during the conference. *Id.* at 17. However, neither the parties nor the trial judge could recall the specific details of the proposed instructions. *Id.* The plaintiffs provided copies of what they said were their proposed instructions in their brief on appeal, but, the Court held, "we have no means of verifying the accuracy of the alleged copies [provided by plaintiffs]. Under all these circumstances, we decline to permit the supplementation of the record to show the objections required by rule 51 were made." *Id.* We likewise decline to consider any statements not evidenced in the record.

### Relief From Stipulation

■ Birch correctly asserts that the district court retains continuing jurisdiction over a divorce action and may modify a decree under appropriate circumstances. *See, e.g., Land v. Land,* 605 P.2d 1248, 1250 (Utah 1980). The basis for Birch's motion, however, was Utah R.Civ.P. 60(b). Rule 60(b) provides that "the court may in the furtherance of justice relieve a party or his legal representative from a final judgment" if any of seven specified circumstances are shown. Birch asserts he is entitled to relief because of Brooks' alleged fraud and because his consent to the stipulation which resulted in the decree was a product of duress. Utah R.Civ.P. 60(b)(3), (7). The thrust of Birch's motion, then, is not that changed circumstances necessitate some modification to a properly entered decree, but rather that the decree was improvidently entered and should therefore be set aside in accordance with Rule 60(b). Nonetheless, the policy relied on in *Land* applies with equal force to Rule 60(b) challenges to stipulated decrees:

> [W]hen a decree is based upon a property settlement agreement, forged by the parties and sanctioned by the court, equity

must take such agreement into consideration. Equity is not available to reinstate rights and privileges voluntarily contracted away simply because one has come to regret the bargain made. Accordingly, the law limits the continuing jurisdiction of the court where a property settlement agreement has been incorporated into the decree and the outright abrogation of the provisions of such an agreement is only to be resorted to with great reluctance and for compelling reasons.

*Id.* at 1251.

The trial court is afforded broad discretion in ruling on a motion for relief from judgment under Utah R.Civ.P. 60(b), and its determination will not be disturbed absent an abuse of discretion. *See, e.g., Katz v. Pierce,* 732 P.2d 92 (Utah 1986); *Russell v. Martell,* 681 P.2d 1193, 1194 (Utah 1984). We see no abuse of discretion in Judge Rigtrup's refusal to disturb the decree based on the parties' stipulation.

Returning to Birch's three specific arguments, although Birch seems to see relevance in the fact he is a paraplegic, there is no showing this makes him somehow more susceptible to duress than the average person. He was represented by counsel and had the benefit of counsel's advice during the negotiations which culminated in the detailed stipulation agreed to by the parties. Second, the misrepresentations allegedly made by Brooks concerned income only and would not have been a legitimate factor in determining a division of the parties' *property.*[2] Finally, from all that appears, the lien given to Brooks on the parties' home was agreed to by the parties as part of their stipulation and was merely approved by Judge Rigtrup. In addition, the stipulation appears to accomplish a fair division of the parties' property under all the circumstances.

---

**2.** Brooks' explanation of the discrepancy between her actual income and that shown on her financial declaration was that she had provided

only an estimate, assuming a continuation of part-time work, whereas she was working full-time as of the hearing.

Based on the foregoing analysis, Birch's claim for relief from judgment is without merit. There was no abuse of discretion by Judge Rigtrup in denying Birch's claim for relief from the divorce decree. The denial of Birch's motion for relief from judgment is therefore also affirmed.

GARFF and GREENWOOD, JJ., concur.