Chester Edwin BAILEY III, dba Artistic
Impressions Interior Design,
Plaintiff and Appellant,

v.

Edward C. PARKER, Janice Parker,
and Curt Smith, Defendants and
Respondents.

No. 880263–CA.

Court of Appeals of Utah.

Aug. 8, 1989.

Greg J. Curtis (argued), Cullimore, Curtis & Dew, Sandy; for plaintiff and appellant.

Stephen G. Stoker, David B. Thomas (argued), Stoker & Thomas, Salt Lake City, for defendants and respondents Parker.

Before BILLINGS, GREENWOOD
and ORME, JJ.

GREENWOOD, Judge:

Chester Edwin Bailey III, dba Artistic Impressions Interior Designs (Artistic Impressions), seeks reversal of the trial court's grant of summary judgment in favor of Edward and Janice Parker. Artistic

Impressions claims the trial court erred in ruling that it was not a materialman for purposes of Utah Code Ann. § 14–2–1 (1986) and, therefore, could not hold the Parkers personally liable for payment for carpet Curt Smith purchased and installed on the Parkers' property. We affirm.

In August of 1986, the Parkers were remodeling their home and contacted Curt Smith to sell them carpet in exchange for gift certificates from Castletons, a local merchant. Smith provided the Parkers with a number of carpet samples from which they chose and ordered some carpet. Smith did not contract with the Parkers to install the carpet, but only agreed to sell them the carpet. Smith obtained the carpet from Artistic Impressions. The Parkers contracted with Barney Brockbank, an independent contractor employed by Artistic Impressions, for installation of the carpet. The Parkers also purchased carpet padding directly from Artistic Impressions. The Parkers paid Brockbank for installing the carpet, and paid Smith $3,200 in Castleton's gift certificates for the carpet. Smith, however, did not pay Artistic Impressions for the carpet.

Artistic Impressions brought this action against Smith and the Parkers for payment for the carpeting. Subsequently, Artistic Impressions obtained a default judgment against Smith and filed a motion for summary judgment against the Parkers, claiming that their failure to comply with Utah Code Ann. § 14–2–1 and –2 (1986), requiring owners who are making improvements on property to obtain a bond under certain circumstances or be held personally liable, rendered them personally liable to Artistic Impressions for payment for the carpet. The Parkers also filed a motion for summary judgment, claiming that Artistic Impressions was not a materialman under the lien statutes and, therefore, could not assert that the Parkers were personally liable because of their failure to obtain a bond. The court entered summary judgment in favor of the Parkers and dismissed Artistic Impressions's complaint. Artistic Impressions filed this appeal.

Artistic Impressions claims on appeal that the trial court erred in concluding that it was not a materialman entitled to protection under section 14–2–1 and that the Parkers were not personally liable for the materials sold because of their failure to obtain a bond pursuant to section 14–2–2. In reviewing a trial court's grant of summary judgment, we view the facts in the light most favorable to the losing party. *Briggs v. Holcomb*, 740 P.2d 281, 283 (Utah Ct. App.1987). Summary judgment is only appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Briggs*, 740 P.2d at 283; Utah R.Civ.P. 56(c).

In this case, the facts are undisputed. We therefore turn to the statute to determine whether the Parkers were entitled to summary judgment as a matter of law. Section 14–2–1 provides:

> The owner of any interest in land entering into a contract, involving $2,000 or more, for the construction, addition to, alteration, or repair of any building, structure, or improvement upon land shall, before any such work is commenced, obtain from the contractor a bond in a sum equal to the contract price....

Section 14–2–2 further states that "[a]ny person subject to the provisions of this chapter, who shall fail to obtain such good and sufficient bond ... shall be personally liable to all persons who have furnished materials or performed labor under the contract...."

In *Crane Co. v. Utah Motor Park, Inc.*, 8 Utah 2d 413, 335 P.2d 837 (1959), the court addressed a contention similar to that advanced by Artistic Impressions. In *Crane*, Utah Motor Park contacted Walsh Plumbing to repair a boiler. Walsh, in turn, contacted Crane, who inspected the boiler and decided it needed to be replaced. Utah Motor Park contended that Crane told it to purchase the boiler from Walsh Plumbing. Walsh purchased the boiler from Crane and installed it. Walsh Plumbing received payment from Utah Motor Parks, but did not pay Crane. The Utah Supreme Court did not reach the merits of

the case because there were inadequate facts in the record regarding the relationship among the parties, but stated that if, upon further hearing, the court determined that Walsh purchased the boiler from Crane for resale and in fact sold it to Utah Motor Parks, and, incidental to the sale, Walsh agreed to install the boiler, then Walsh, not Crane, would be the materialman. *Id.* at 839. The court also stated that if, however, Walsh entered into a contract for the alteration or repair of Utah Motor Park's structure and, incidental to that contract, purchased a boiler from Crane, Crane could be the materialman. *Id.* at 839.

Subsequently, in *Lawson Supply Co. v. General Plumbing & Heating, Inc.*, 27 Utah 2d 84, 493 P.2d 607 (1972), the court, citing *Crane*, stated:

> [w]hether a supplier is a materialman within the purview of § 14–2–1, U.C.A. 1953, must be determined by the true nature of the relationship between the contractor or subcontractor and his supplier. The trial court must consider the evidence and determine whether the contractor purchased material for resale, and did, in fact, resell it, and incidental to that sale and delivery did install the same; or whether the contractor, under a contract for the construction, alteration or repair of the owner's structure, and incidental thereto, purchased the material from the supplier to be incorporated in the improvement.

*Id.* at 609 (footnote omitted).

█ In *Lawson*, the court applied that standard to the facts before the court and held that because the materials were not supplied under a general purchase and sale agreement, but were purchased incidental to the construction of a specific building, the trial court did not err in determining that plaintiff was a materialman. Therefore, in order to be a protected materialman under section 14–2–1, there must be a contract between the property owner and the person with whom he contracts, for the construction, alteration, or repair of a structure, and materials supplied at the behest of the contractor or subcontractor for use in the contract project.

█ Applying the foregoing law to the facts of this case, if Smith simply purchased the carpet from Artistic Impressions for resale and sold it to the Parkers, then Smith, not Artistic Impressions, would be the materialman. However, if Smith had entered into a contract for the construction, alteration or repair of the Parkers' house and, as a part of that contract, purchased carpet from Artistic Impressions for incorporation into the remodeling project, then Artistic Impressions could be the materialman.

█ In this case, the sole service provided by Smith to the Parkers was to sell them carpeting. Artistic Impressions sold the carpet to Smith, apparently on his account, not as part of the overall remodeling project to one acting as a general contractor, or to a subcontractor. Smith did not enter into a contract for the alteration or repair of the Parkers' home and incidentally purchase carpet from Artistic Impressions. Rather, Smith only showed the Parkers carpet samples and ordered carpet for them. Therefore, under these circumstances, Artistic Impressions is not a materialman under section 14–2–1 and cannot assert that the Parkers are personally liable for payment of the carpet due to their failure to obtain a bond as required under section 14–2–2. Accordingly, the trial court correctly ordered that the Parkers were entitled to judgment as a matter of law.

Affirmed.

BILLINGS and ORME, JJ., concur.