**TS 1 PARTNERSHIP, an Indiana limited partnership, Plaintiff and Appellee,**

v.

**Penny ALLRED dba It's About Time, Defendant and Appellant.**

No. 930056–CA.

Court of Appeals of Utah.

May 27, 1994.

Donald L. Dalton (argued), Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, for appellant.

Arnold Richer, Mark E. Medcalf (argued), Richer, Swan & Overholt, P.C., Salt Lake City, for appellee.

Before DAVIS, JACKSON and ORME, JJ.

## OPINION

JACKSON, Judge:

Defendant Penny Allred appeals four orders of the trial court: (1) granting plaintiff TS 1 Partnership's (TS1) motion for summary judgment on plaintiff's complaint; (2) granting TS1's motion for summary judgment on Allred's counterclaim; (3) granting TS1's motion to strike Allred's request for jury trial; and (4) overruling Allred's objection to TS1's affidavit for attorney fees. We affirm in part and reverse and remand in part.

## BACKGROUND

TS1 is an Indiana limited partnership and owner of the Trolley Square Mall (Trolley Square). Allred operates It's About Time, a retail store selling clocks, watches, and other related items. TS1 and Allred entered into a lease agreement whereby Allred rented space from TS1 in Trolley Square. At the end of her lease Allred held over as a tenant. TS1, claiming Allred was in default of the lease, filed a complaint seeking payments due and owing in the amount of $13,300.32. The amount sought consisted of $6,665.98 in rent for the holdover period, $6,054.29 for heating and air conditioning (HVAC services), and $580.05 for miscellaneous charges. Allred answered the complaint and admitted owing $6,665.98 in rental payments. She denied liability for the HVAC services claiming TS1 never provided heating and air to her store. Additionally, Allred denied owing the remaining $580.05, claiming these miscellaneous charges were improperly charged to her account.[1] Along with her answer to TS1's complaint, Allred filed a counterclaim alleging TS1: 1) had fraudulently induced her into entering into the lease agreement; 2) violated the constructive covenant of good faith and fair dealing by leasing space to a competing business; and 3) interfered with Allred's business during remodeling. The answer and counterclaim also contained a request for jury trial.

TS1 moved to strike the jury trial request and the court granted the motion. TS1 also filed a summary judgment motion on its original complaint. The court's grant of the motion and TS1's efforts to enforce the judgment prompted Allred to file a motion for stay of execution. She argued in support of her motion that given her unresolved counterclaim, the judgment was not final. One week later, TS1 filed a motion to revise the summary judgment, certifying it as a final judgment under Rule 54(b) of the Utah Rules of Civil Procedure. The trial court denied Allred's stay of execution and certified the summary judgment as final.

After Allred filed a supersedeas bond with the court, the court agreed to stay execution on the summary judgment pending Allred's

---

1. Allred waived her claim concerning the $580.05 at oral argument.

appeal. On appeal, this court dismissed the matter for lack of jurisdiction on the basis that the trial court had improperly certified the summary judgment as final. Shortly thereafter, TS1 filed an application for garnishment with the court, seeking to collect on its judgment. The parties then stipulated that no further attempt to execute on the judgment would be made until after Allred's counterclaim had been addressed. TS1 then filed a motion for summary judgment on Allred's counterclaim, requesting attorney fees expended in defending the counterclaim. Allred answered the motion but did not provide the court with any supporting affidavit or other document. The trial court entered summary judgment in favor of TS1 on Allred's counterclaim and awarded TS1 $8,760.00 in attorney fees.

## ANALYSIS

Allred appeals the trial court's grant of summary judgment in favor of TS1 on TS1's original complaint and on Allred's counterclaim. Additionally, Allred appeals the trial court's grant of TS1's motion to strike Allred's request for a jury trial. Finally, Allred appeals the trial court's ruling disallowing Allred's objection to TS1's affidavit of attorney fees.

■ We first address the trial court's grant of TS1's summary judgment motions. Summary judgment, by definition, resolves questions of law and we review a trial court's grant of summary judgment for correctness. *Country Oaks Condominium Management v. Jones,* 851 P.2d 640, 641 (Utah 1993).

Rule 56 of the Utah Rules of Civil Procedure states:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, *if appropriate,* shall be entered against him.

Utah R.Civ.P. 56(e) (1993) (emphasis added). Rule 56 requires that the adverse party to the summary judgment motion must respond, by affidavit or otherwise, in such a manner as to set forth a genuine issue of material fact for trial. The adverse party may not rest on mere allegation. *See Town of Alta v. Ben Hame Corp.,* 836 P.2d 797, 804 (Utah App.1992). Rule 56 also, however, allows for the possibility that summary judgment may be inappropriate even if the defendant fails to properly respond to the motion. For example, the purpose of a summary judgment motion "is to pierce the allegations of the pleadings, show that there is no genuine issue of material fact, ... and that the moving party is entitled to judgment as a matter of law." *Dupler v. Yates,* 10 Utah 2d 251, 351 P.2d 624, 636 (1960). Thus, the moving party has an initial burden of informing the trial court of the basis for the motion and identifying the portions of the pleadings or supporting documents which it believes demonstrates an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Failure on the part of the moving party to meet this initial burden may render summary judgment inappropriate.

### Summary Judgment on Allred's Counterclaim

■ Allred's counterclaim alleged three causes of action: 1) fraudulent inducement at the time the lease was signed; 2) violation of the covenant of good faith and fair dealing; and 3) business interference. The Utah Supreme Court recently applied the "piercing the allegation" principle in the context of a counterclaim. In *Timm v. Dewsnup,* 851 P.2d 1178, 1181-82 (Utah 1993), the court held that "[i]nasmuch as the [defendants], as the moving party, made no express reference to the counterclaim or the issues raised by it in their motion or in their notice of hearing," the trial court's grant of summary judgment did not affect the unreferenced issues. *Id.* at 1102. The *Timm* case controls our determination of whether the trial court properly granted TS1's summary judgment motion with respect to the first cause of action alleged in Allred's counterclaim. In Allred's fraudulent inducement claim, she asserts she leased space in Trolley Square in reliance on

specific promises made to her by the landlord before the lease was signed. Allred made subsequent improvements to her leased space and now seeks reimbursement from TS1 for fraud in the inducement because TS1 allegedly did not fulfill its earlier promises. TS1 filed a motion for summary judgment on Allred's counterclaim, but TS1 did not address and hardly referenced Allred's claim of fraud in the inducement. Instead, TS1 argued that Allred was obligated under the lease to pay for her own improvements. The trial court agreed with TS1 and adopted its legal argument as the rationale for granting summary judgment in favor of TS1 on Allred's first cause of action. However, given Allred's position that she would not have signed the lease, let alone made improvements on the leased space, absent the fraudulent representations, the trial court's reliance on the lease to grant the motion is misplaced. TS1 failed to pierce Allred's allegation of fraud in the inducement and the trial court failed to dispose of the issue. Accordingly, we reverse the trial court's summary judgment on the first cause of action in Allred's counterclaim and remand the issue to the trial court for further proceedings.

■ Allred's second cause of action alleges liability on the part of TS1 for violating the covenant of good faith and fair dealing by opening a store at Trolley Square which competed directly with Allred's store. TS1 responded to the allegation by arguing that the lease did not grant Allred an exclusive right to market any particular line of goods or merchandise within the shopping center. Thus, TS1 argued, the fact that it opened a store in competition with Allred's was immaterial and Allred failed to set forth an issue of material fact. Allred, in her memorandum in opposition to the motion, merely repeated the allegation that TS1 violated the covenant of good faith and fair dealing. She did not demonstrate, by affidavit or otherwise, an issue of material fact for the trial court concerning any aspect of a violation of the covenant of good faith and fair dealing as required by Rule 56(e) of the Utah Rules of Civil Procedure. Thus, the trial court's grant of summary judgment in favor of TS1 was proper with respect to Allred's second cause of action.

■ Allred's third cause of action alleges business damages sustained as a result of TS1's remodeling efforts. TS1 pointed to several lease provisions outlining TS1's right to remodel and its obligation to maintain the Trolley Square facility. Allred responded to the motion, but again failed to demonstrate an issue of material fact for the trial court through any supporting documents. Accordingly, the trial court properly granted TS1's summary judgment motion with respect to Allred's third cause of action.

### Summary Judgment on TS1's Original Complaint

■ TS1 argued in its summary judgment motion that Allred had defaulted on the lease and owed TS1 $13,300.32. Allred admitted owing $6,065.98, but denied owing the rest. Specifically, she denied owing $6,054.29 for HVAC services she allegedly never received. TS1 argued in response that it was Allred's responsibility under the lease to connect her space to the HVAC system. However, even if TS1 is correct, Allred claims in a supporting affidavit that the "bay" in which her store was located was not connected to the central duct system that provided the HVAC services throughout Trolley Square. Thus, she set forth an issue of material fact as to whether there was any functional duct system in her bay to which she could connect to receive HVAC services for her store. Accordingly, we remand the issue of Allred's liability for HVAC services to the trial court.

### Allred's Objection to TS1's Affidavit of Attorney Fees

■ TS1 was awarded $8,760 in attorney fees in connection with its defense of Allred's counterclaim. TS1's request for fees included a supporting affidavit and itemized list of every charge. The amount included charges associated with having the court certify its original summary judgment award as a final order. It also included the fees incurred defending Allred's appeal of the judgment once the court certified it as final. Allred objected to the affidavit arguing that she should not have to pay for TS1's fruitless

efforts in having its summary judgment certified as final. She also argued that because of the improper certification, she was placed in a position where she had to appeal the summary judgment to avoid execution on the judgment. The trial court overruled the objection and granted TS1 attorney fees in the amount of $8,760.

If attorney fees are provided for by contract the fees are awarded in accordance with the terms of that contract. *Dixie State Bank v. Bracken,* 764 P.2d 985, 988 (Utah 1988); *accord Equitable Life & Cas. Ins. Co. v. Ross,* 849 P.2d 1187, 1194 (Utah App.) *cert. denied,* 860 P.2d 943 (Utah 1993). Section 15.4 of the lease requires tenants in default of the lease to pay reasonable costs, including attorney fees, incurred by the landlord in pursuit of its remedies. Although attorney fees under this lease are a matter of legal right, they must be reasonable. *Id.* Determination of attorney fees is within the sound discretion of the trial court and we will not overturn the trial court's ruling absent a showing of clear abuse of that discretion. *Id.*

Soon after the trial court granted TS1's summary judgment motion, Allred filed a motion for a stay of execution. Allred argued in support of her motion that the judgment could not be executed because it was not a final appealable judgment given the existence of her unresolved counterclaim. She further argued that the trial court had not expressly determined that there was no just reason for delay, as required for certification of a final order under Rule 54(b) of the Utah Rules of Civil Procedure. Not surprisingly, TS1 filed a motion one week later to have the summary judgment certified as final.

Certification of a final order is governed by Rule 54(b) of the Utah Rules of Civil Procedure which states:

When more than one claim for relief is presented in an action, whether as claim, counterclaim, cross-claim, or third-party claim . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only

upon an express determination by the court that there is no just reason for delay. . . .

Utah R.Civ.P. 54(b). Without explanation, the trial court denied Allred's motion to stay execution and granted TS1's motion to certify the summary judgment as final. However, the trial court never made "an express determination . . . that there is no just reason for delay," as required under Rule 54(b). Thus the certification was improper. Further, the certification left Allred with an appeal of the judgment as her only option to avoid execution proceedings. Allred filed a supersedeas bond in exchange for a stay of execution pending appeal. Allred appealed the summary judgment motion and this court held that the trial court certification was improper because the complaint and counterclaim arose from the same facts and because the recovery on the counterclaims would affect the ruling on the complaint. Thus, although this court dismissed Allred's appeal, it agreed with Allred that the summary judgment on TS1's complaint was not a final executable order. Under these circumstances, the trial court's award of attorney fees to TS1 for its unsuccessful certification of a nonfinal judgment is unreasonable. Further, the improper certification created a procedural morass that left Allred with no reasonable option but to appeal the summary judgment motion. Accordingly we hold that both parties should bear their own costs relating to the certification and appeal of TS1's original summary judgment.[2] Thus we reverse the trial court's award of attorney fees relating to the certification procedure and appeal therefrom, and remand the matter to the trial court to determine the correct amount of the attorney fee award.

### Allred's Request For Jury Trial

Allred specifically requested a jury trial in her answer and counterclaim to TS1's complaint. TS1 filed a motion to strike the request arguing that a waiver of the right to request a jury trial was expressly contained in the lease, which the parties signed. The trial court granted TS1's motion. Lease pro-

---

**2.** We also note that it is not within the province of a trial court to award attorney fees on appeals from that court. An award of attorney fees on appeal is the prerogative of the appellate court.

visions waiving jury trials are enforceable. *See Vista Centre Venture v. Unlike Anything, Inc.*, 603 So.2d 576, 578 (Fla.Ct.App. 1992); *Berlinger v. Suburban Apartment Management Co.*, 7 Ohio App.3d .122, 7 O.B.R. 155, 454 N.E.2d 1367, 1374 (1982). Accordingly, the trial court properly granted TS1's motion.

## CONCLUSION

We reverse in part and remand in part the trial court's summary judgments on TS1's complaint and Allred's counterclaim consistent with this opinion. Further, we reverse and remand the trial court's award of attorney fees relating to the certification procedure and appeal therefrom. Finally, we affirm the trial court's grant of TS1's motion to strike Allred's request for a jury trial.

DAVIS and ORME, JJ., concur.