2004 UT App 259

**Wesley L. LARSEN, Plaintiff and Appellant,**

v.

**EXCLUSIVE CARS, INC., a Utah corporation; and Floyd Maestas, an individual, Defendants and Appellees.**

**No. 20030086–CA.**

Court of Appeals of Utah.

July 29, 2004.

Loren M. Lambert, Midvale, for Appellant.

Nick J. Colessides, Salt Lake City, for Appellees.

Before Judges BILLINGS, JACKSON, and THORNE.

## OPINION

THORNE, Judge:

¶ 1 The trial court granted Exclusive Cars, Inc. (Exclusive Cars) and Floyd Maestas's motion for summary judgment on Wesley L. Larsen's fraudulent misrepresentation claim. We reverse.

## BACKGROUND

¶ 2 On December 4, 1998, Larsen, a nine-teen-year-old high-school graduate with no experience in buying or selling vehicles, purchased a used truck from Exclusive Cars. Floyd Maestas, a car salesman employed by Exclusive Cars, negotiated the sale with Larsen. Prior to purchasing the truck, Larsen test drove the truck twice. On the day that Larsen agreed to purchase the truck, Maestas orally represented to Larsen that the truck had a "new engine." Upon questioning by Larsen, Maestas stated that Dahle Toyota in Logan, Utah, had installed the new engine. Maestas wrote this information on a "post-it note," and handed it to Larsen. After litigation ensued, Maestas admitted that he had told Larsen the truck had a new engine.

¶ 3 Larsen alleges that he agreed to purchase the truck at the stated price only because he had been assured that the truck had a new engine. On December 4, 1998, Larsen executed a motor vehicle contract of sale, and signed a document indicating that he was purchasing the truck "as is" with "no warranty." The latter document explained that Larsen was responsible for any repairs and that "[t]he dealer assumes no responsibility for any repairs regardless of any oral statements about the vehicle." Larsen also signed a document declining the car dealer's warranty plan and a bill of sale stating that "oral promises are not binding on the dealer."

¶ 4 Less than two weeks later, on December 17, 1998, the truck had mechanical difficulties. Larsen then learned that the truck's engine was not new and that repairs would cost between $2500 and $8600. Larsen brought suit against Maestas and Exclusive Cars alleging fraudulent misrepresentation and negligent misrepresentation.

¶ 5 Exclusive Cars and Maestas filed a motion for summary judgment, which the trial court granted.[1] The court, quoting *Gold Standard, Inc. v. Getty Oil Co.*, 915 P.2d 1060 (Utah 1996), acknowledged that while "the question of reasonable reliance is usually a matter within the province of the jury there are instances where courts may conclude that, as a matter of law, there was no reasonable reliance." *Id.* at 1067 (citation omitted). The court concluded that Larsen had not reasonably relied on Maestas's representations because the documents he signed negated any oral promises. In its final order, the court stated that

Wesley L. Larsen did not act reasonably in relying upon the oral representations of co-defendant Floyd Maestas, despite having been provided with many flags and ignoring the same, and [Larsen] was neglectful in failing to follow up in an inquiry to determine the veracity of the information orally presented by co-defendant Floyd Maestas, and having received from co-defendant Exclusive Cars, Inc., the automobile dealer, four separate and distinct documents disclaiming oral representations. . . .

Larsen appeals.

## ANALYSIS

¶ 6 Larsen argues that the trial court erred in granting Exclusive Cars and Maes-

---

1. Larsen withdrew his claim for negligent misrepresentation and the motion for summary judg- ment was decided solely on the issue of fraudulent misrepresentation.

tas's motion for summary judgment because it cannot be concluded, as a matter of law, that Larsen acted unreasonably in relying on Maestas's representation regarding the truck's engine. A grant of summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Utah R. Civ. P. 56(c). Here, Larsen argues that if we review the facts in the light most favorable to him, *see Briggs v. Holcomb,* 740 P.2d 281, 283 (Utah Ct.App. 1987), the summary judgment must be reversed. We agree.

¶ 7 The elements of a claim for fraudulent misrepresentation are:

> (1) a representation; (2) concerning a presently existing material fact; (3) which was false; (4) which the representor either (a) knew to be false, or (b) made recklessly, knowing that he had insufficient knowledge upon which to base such representation; (5) for the purpose of inducing the other party to act upon it; (6) that the other party, acting reasonably and in ignorance of its falsity; (7) did in fact rely upon it; (8) and was thereby induced to act; (9) to his injury and damage.

*Dugan v. Jones,* 615 P.2d 1239, 1246 (Utah 1980); *see also Conder v. A.L. Williams & Assocs.,* 739 P.2d 634, 638 (Utah Ct.App. 1987). Thus, to succeed on his claim of fraudulent misrepresentation, Larsen must prove that (1) Maestas made a representation; (2) concerning a presently existing material fact; (3) which was false; (4) which Maestas knew to be false or made recklessly knowing that he had insufficient knowledge upon which to base such representation; (5) for the purpose of inducing Larsen to act upon it; (6) that Larsen acted reasonably and in ignorance of its falsity; and (7) that Larsen relied upon the representation and was thereby injured and damaged.

¶ 8 The only issue on appeal is whether the trial court erred when it decided, as a matter of law, that Larsen acted unreasonably in relying on Maestas's representation that the truck had a new engine. The trial court's conclusion that Larsen acted unreasonably rested largely upon the fact that Larsen signed several documents purporting to negate all warranties and oral promises.

¶ 9 In *TS 1 Partnership v. Allred,* 877 P.2d 156 (Utah Ct.App.1994), we reversed a grant of summary judgment on similar facts. *See id.* at 159. In that case, the owner of a shopping center sued one of its tenants for breach of contract. *See id.* at 157. In its counter-claim, the tenant raised fraud in the inducement as a defense and argued that it would not have signed the lease agreement had the landlord not promised that it would compensate the tenant for any improvements made on the property. *See id.* at 158–59. Despite these alleged oral promises, the lease explicitly stated that the cost of any improvements would be paid by the tenant. *See id.* The trial court, relying on the lease agreement, granted the landlord's motion for summary judgment. *See id.* at 159. We reversed on appeal, noting that "given [the tenant's] position that she would not have signed the lease ... absent the fraudulent representations, the trial court's reliance on the lease to grant the motion is misplaced." *Id.*

¶ 10 The same reasoning applies here. Larsen alleges that Maestas's oral representations induced him to purchase the truck. Viewing the facts in the light most favorable to Larsen, *see Briggs,* 740 P.2d at 283, had Maestas not told Larsen that the truck had a new engine he would not have purchased it at the stated price. Had the parties been unable to reach a price acceptable to Larsen, he would not have purchased the truck at all, and would not have signed the sales documents. The trial court erred when it looked chiefly to the sales documents to determine that Larsen's reliance on Maestas's oral representations was unreasonable as a matter of law. *See TS 1 P'ship,* 877 P.2d at 159; *see also Spears v. Warr,* 2002 UT 24,¶ 19, 44 P.3d 742 (noting that fraud is an exception to the rule excluding parol evidence and can be proven by evidence outside the contract).

¶ 11 Viewing the totality of the alleged facts in the light most favorable to Larsen, a jury could find that he acted reasonably. Larsen was a nineteen-year-old high-school graduate purchasing his first vehicle. Maestas unequivocally told Larsen that the truck

had a new engine, as well as the name of the dealership that had allegedly installed the new engine. Larsen test drove the truck twice prior to purchasing it, and did not notice anything which would have led him to believe that the truck was mechanically defective or that the engine was not new. Under these circumstances, Larsen might have acted reasonably in concluding that the various disclaimers contained in the sales documents—"as is," "no warranty," "oral promises are not binding on the dealer," etc.—all referred to the truck as described by Maestas, i.e., one having a new engine.[2]

## CONCLUSION

¶ 12 We conclude that an issue of material fact remains in dispute regarding whether Larsen acted reasonably under the circumstances. We reverse the grant of summary judgment and remand for further proceedings.

¶ 13 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge, and NORMAN H. JACKSON, Judge.

2. The trial court also concluded that Larsen acted unreasonably because he did not heed the warning of his brother-in-law to get all promises in writing. The weight to be given to this evidence is for the trier of fact to decide and is not a basis for granting a summary judgment.