**2013 UT App 258**

# THE UTAH COURT OF APPEALS

SHERISE A. HARPER,
Petitioner and Appellee,
v.
BRUCE A. HARPER,
Respondent and Appellant.

Per Curiam Decision
No. 20120994-CA
Filed October 31, 2013

Third District Court, Tooele Department
The Honorable Robert W. Adkins
No. 094300222

Bruce A. Harper, Appellant Pro Se
Sherise A. Harper, Appellee Pro Se

Before JUDGES STEPHEN L. ROTH, MICHELE M. CHRISTIANSEN, AND JUDITH M. BILLINGS.[1]

PER CURIAM:

¶1      Bruce A. Harper (Husband) seeks to appeal a March 29, 2012 order on his petition to modify the parties' divorce decree and an October 26, 2012 order on his motion to set aside the judgment on his petition to modify. The motion to set aside a judgment under rule 60(b) of the Utah Rules of Civil Procedure did not extend the time for appeal from the March 29, 2012 order. *See* Utah R. App. P. 4(b). However, an order on a motion to set aside a judgment is itself appealable. *See Amica Mut. Ins. Co. v. Schettler*, 768 P.2d 950,

---

1. The Honorable Judith M. Billings, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11-201(6).

970 (Utah Ct. App. 1989). Husband's notice of appeal is timely only from the October 26, 2012 order.[2]

¶2     Only issues challenging the October 26, 2012 order on the motion to set aside the judgment are before us in this appeal. Those issues are whether the district court erred in denying the motion to set aside its orders regarding (1) the parties' life insurance policy, (2) Husband's claim for reimbursement of amounts paid for the children's medical expenses, (3) child custody, and (4) amounts claimed by Husband related to the marital residence. When an order on a motion to set aside a judgment is appealed, the appeal is limited to review of the motion to set aside and is not an appeal from the underlying judgment. *See Franklin Covey Client Sales, Inc. v. Melvin*, 2000 UT App 110, ¶ 19, 2 P.3d 451. The district court is afforded broad discretion in ruling on a motion for relief from a judgment, and its determination will not be disturbed absent an abuse of discretion. *See Birch v. Birch*, 771 P.2d 1114, 1117 (Utah Ct. App. 1989).

¶3     In its March 29, 2012 order, the district court found that Husband was insured under the joint life insurance policy owned by Sherise A. Harper (Wife) and ordered him to pay $352 to Wife for premiums paid by her for his life insurance. The district court also found that Wife was allowed to change the beneficiary on her policy and that Husband could also change his beneficiary. Husband asserted that Wife's change of beneficiary extinguished his obligation to pay for life insurance. Husband also claimed that requiring him to reimburse Wife for amounts paid for the

---

2. Husband incorrectly claims that because he filed a motion to set aside the judgment after the district court announced its ruling at the February 17, 2012 hearing on his petition to modify, "the motion to set aside should have trumped the signing of the order." This claim is without merit. *See* Utah R. Civ. P. 60(b) (stating that a motion under rule 60(b) "does not affect the finality of a judgment or suspend its operation").

premiums for his life insurance and to continue to pay $14.50 per month so long as he is insured constituted an improper modification of the decree.

¶4     The district court denied the motion to set aside its orders requiring Husband to reimburse Wife for premiums to provide life insurance for Husband and its ruling that Wife was not required to keep Husband as her beneficiary. At the hearing on the motion to set aside the judgment, Husband also claimed that he was entitled to receive $24,000 as the surrender value of his life insurance. There was no factual basis for this claim based upon the actual life insurance policy. However, the district court ruled, in the alternative, that Husband could elect to either surrender his life insurance under the policy and obtain the surrender value, if any, or to remain on the policy, reimburse Wife $14.50 per month for the premium attributable to his life insurance, and change his beneficiary, if he chose to do so. The court ordered Wife to remain in court and to execute any necessary documents to allow Husband to make the changes he wanted to make.

¶5     The district court's ruling was consistent with the agreement incorporated in the divorce decree regarding life insurance. Husband's claim that Wife was required to keep him as her beneficiary, and that his obligation to pay half the premium was contingent upon her keeping him as the beneficiary, is without merit. The district court did not abuse its discretion in refusing to set aside orders requiring Husband to reimburse Wife for amounts attributable to premiums paid by her for his life insurance and requiring him to pay his share of the premium as long as he remained an insured under the policy.

¶6     In the March 29, 2012 order on the petition to modify, the district court found that Husband was required to pay Wife his share of uninsured medical expenses through September 2011 in the amount of $842, based upon the evidence presented at the February 2012 evidentiary hearing. Husband does not dispute his obligation to equally share uninsured medical expenses of the

children. He disputes the amount that he was required to pay. Husband has not demonstrated that the district court abused its discretion in failing to set aside the judgment regarding medical expenses.

¶7     By stipulation, the divorce decree provided that the parties would have joint legal custody of their children with primary physical custody awarded to Wife. In the March 29, 2012 order on the petition to modify, the district court denied a change in the child custody provided in the divorce decree, finding that the children were well-adjusted and that nothing had been presented to the court to demonstrate any concern with the children's remaining in Wife's custody. The district court also found that it would not be in the children's best interests to order joint physical custody.

¶8     In the motion to set aside the judgment, Husband argued that physical custody should be split equally. Much of Husband's argument supporting a custody change was based on allegations that Wife married a man (Second Husband) who was restricted to supervised visits with his biological children. However, Wife was divorced from Second Husband at the time of the court's ruling and the alleged facts were irrelevant to the custody ruling. Husband's claim in this appeal that the district court "purposely destroyed" the record of Second Husband's testimony is without factual support. Furthermore, although a portion of Second Husband's testimony was not recorded due to technical problems, Husband failed to raise that omission to the district court in his motion to set aside the judgment or to seek supplementation of the record on appeal in accordance with rule 11 of the Utah Rules of Appellate Procedure. The district court did not abuse its discretion in denying the motion to set aside the judgment regarding child custody.

¶9     In the March 29, 2012 order on the petition to modify, the district court found that "all of the issues regarding the home have been resolved, that neither party has a claim against the other for

any of those debts and expenses that were identified in the decree of divorce, that the equity in the home was to pay for those debts and expenses." Wife gave Husband a quit claim deed to extinguish all of her obligations to him, thereby relinquishing all of her own equity in the home. Although Husband persists in claiming that he is entitled to recover additional amounts from Wife related to the marital residence, the district court did not abuse its discretion in denying the motion to set aside its orders regarding the marital residence and debts.

¶10     Husband claims in this appeal that the district court erred in failing to address the claims made in his separate order to show cause that Wife willfully breached the divorce decree by filing bankruptcy. Claims made in the order to show cause were not within the scope of the proceedings on the motion to set aside the judgment, and the district court did not err in refusing to hear them. To the extent that Husband claims that the district court's rulings should be set aside based upon alleged bias or prejudice, those assertions are not properly before this court and must have been raised by a timely motion to disqualify under rule 63 of the Utah Rules of Civil Procedure.

¶11     Affirmed.

————————