**BUSCH CORPORATION, dba Busch Development, Inc., and Quailbrook Condominium Company, Plaintiffs and Appellants,**

v.

**STATE FARM FIRE & CASUALTY COMPANY and Royal Insurance Company, Defendants and Respondents.**

No. 19859.

Supreme Court of Utah.

Sept. 29, 1987.

Carman E. Kipp, Karen J. McClurg, Salt Lake City, for plaintiffs and appellants.

Darwin C. Hansen, Bountiful, for defendant and respondent State Farm Fire & Cas. Co.

Roger H. Bullock, Salt Lake City, for defendant and respondent Royal Ins. Co.

HALL, Chief Justice:

Plaintiffs appeal two district court orders granting defendants' motions for summary judgment as to plaintiffs' action for liability insurance coverage. We affirm.

In 1978, defendant Royal Insurance Company ("Royal") issued an insurance policy to "Busch Development, Inc." By later endorsement, several additional named insureds were added, including "Busch-Quailbrook, a limited partnership." In 1980, de-

fendant State Farm Fire & Casualty Company ("State Farm") issued an insurance policy to "Busch Development Corporation, dba Quailbrook Condominium."

Also in 1980, Busch Corporation and Busch Development, Inc. ("Busch"), were sued in an action in the Third Judicial District Court. The plaintiffs in that lawsuit sought judgment against Busch for damages that occurred in 1978 on land adjoining the construction of the condominium development known as "Quailbrook East." Upon motion and stipulation of the parties in January 1981, the lower court ordered that Quailbrook Condominium Company ("Quailbrook") be substituted as defendant in the lawsuit. The case was tried to a jury, and in May 1982, a $29,000 judgment was entered against Quailbrook. This judgment was affirmed in *Morgan v. Quailbrook Condominium Co.*[1]

Busch finally notified Royal of the prior lawsuit in February 1983. Subsequently, Royal declined coverage under its policy due to plaintiffs' failure to provide timely notice of the 1978 claim.

Thereafter, plaintiffs filed the instant suit in September 1983, seeking indemnification for the prior judgment and for attorney fees expended in defending and appealing that earlier action. Plaintiffs first notified State Farm of the 1978 claim and prior lawsuit by serving the summons and complaint initiating this action. In response to plaintiffs' complaint, State Farm filed a motion to dismiss with supporting documents and an affidavit. Pursuant to Rules 12(b)(6) and 56 of the Utah Rules of Civil Procedure, the district court viewed State Farm's motion as one for summary judgment. In granting that motion, the court held that Quailbrook was not insured under the State Farm policy and that plaintiffs failed to comply with the policy's time limitations regarding notice of claims and filing of suit.

Shortly thereafter, Royal filed a motion for summary judgment, advancing the same arguments made by State Farm. After considering supporting documents and an affidavit, the district court granted Roy-

al's motion for summary judgment in March 1984, and plaintiffs appealed.

Plaintiffs contend that the district court erred in granting summary judgment based upon the untimely notice given defendants regarding the claims underlying the prior lawsuit. We disagree. Pertinent provisions of the subject insurance policies provide:

INSURED'S DUTIES IN THE EVENT OF OCCURRENCE, CLAIM OR SUIT:

In the event of an occurrence, *written notice* containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the Insured to the Company or any of its authorized agents *as soon as practicable.*

*If claim is made or suit is brought against the Insured, the Insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative.*

. . . .

ACTION AGAINST COMPANY:

No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy. . . .

(Emphasis added.)

Plaintiffs, however, failed to notify defendants of their claims and request indemnity therefor until approximately five years after the damages occurred, three years after the prior lawsuit was filed, and between eight and sixteen months after the district court entered judgment and the prior appeal was commenced. Clearly, under the facts of this case, written notice was not given to defendants as soon as practicable. Nor was information relating to the 1978 claim immediately forwarded to the insurance companies as required by the policies.

1. 704 P.2d 573 (Utah 1985).

Nevertheless, plaintiffs contend that their failure to comply with the above-noted requirements does not alone relieve the insurance companies from their obligations under the policies. Instead, plaintiffs would have us hold that the motions for summary judgment were improvidently granted because the factual question of whether actual prejudice resulted from plaintiffs' conduct was not resolved. We are not persuaded.

■ First, plaintiffs apparently chose below not to oppose defendant Royal's motion for summary judgment. Indeed, the record indicates that plaintiffs' arguments opposing Royal's motion first arose in their brief on appeal. Generally, when an argument has not been made in the trial court, we will not allow it to be raised on appeal.[2] Although it is conceivable that these arguments were raised orally in the hearing on the motion for summary judgment, there is nothing in the record to support that possibility, and there is no such contention in plaintiffs' briefs. As we stated in *Franklin Financial v. New Empire Development Co.*:[3]

> For a question to be considered on appeal, the record must clearly show that it was timely presented to the trial court in a manner sufficient to obtain a ruling thereon; we cannot merely assume that it was properly raised. The burden is on the parties to make certain that the record they compile will adequately preserve their arguments for review in the event of an appeal.[4]

Therefore, we need not address plaintiffs' arguments as to defendant Royal.

■ Second, Rule 56(e) of the Utah Rules of Civil Procedure provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits

or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

The language of this rule is clear. Indeed, we have previously held:

> [W]hen a party opposes a properly supported motion for summary judgment and fails to file any responsive affidavits or other evidentiary materials allowed by Rule 56(e), the trial court may properly conclude that there are no genuine issues of fact unless the face of the movant's affidavit affirmatively discloses the existence of such an issue. Without such a showing, the Court need only decide whether, on the basis of the applicable law, the moving party is entitled to judgment.[5]

The affidavits filed by the claim managers of both insurance companies in support of the motions for summary judgment stated:

> That due to the fact that no notice was given of this claim at the time it allegedly occurred in 1978, or at the time that suit was initially filed against the Plaintiffs in September 1980, [the insurance companies have] had no opportunity to investigate this matter, to examine the scene, take photographs, interview witnesses or take statements, all of which is now impossible to do.
>
> That due to the above mentioned lack of notice, [the insurance companies have] also not been given the opportunity to attempt to adjust and possibly settle the initial lawsuit brought in this matter, and the opportunity to do this no longer exists.
>
> That also due to the above mentioned lack of notice, [the insurance companies were] not afforded the opportunity to employ [their] own counsel and defend the initial lawsuit in this matter, an opportunity which also no longer exists.

2. *Insley Mfg. Corp. v. Draper Bank & Trust,* 717 P.2d 1341, 1347 (Utah 1986).

3. 659 P.2d 1040 (Utah 1983).

4. *Id.* at 1045 (citations omitted).

5. *Franklin Financial,* 659 P.2d at 1044 (footnote omitted; citations omitted).

**1220**

The uncontroverted facts in these affidavits evidence that the insurance companies were not notified of plaintiffs' claims until approximately five years after they occurred and also that defendants were severely prejudiced by this untimely notice. Thus, assuming arguendo that we were to adopt plaintiffs' foremost-urged contention and presume that the insurance companies were required as a matter of law to prove facts supporting a finding of actual prejudice,[6] the unopposed affidavits filed in support of the motions met this standard, and plaintiffs chose not to file any affidavits to contradict or deny defendants' evidence of actual prejudice. Therefore, under the facts of this case, the trial court could have properly concluded that because of the five-year delay in notice, the insurance companies suffered actual prejudice and defendants were entitled to judgment on the issue of their alleged liability. Accordingly, the district court appropriately granted defendants' motions for summary judgment on this ground.

Plaintiffs' other point on appeal is that summary judgment was improper because the district court erred in concluding that Quailbrook was not an insured entity under the subject insurance policies. Even if plaintiffs had filed opposing affidavits supporting their factual contention, summary judgment was appropriately granted on the above-noted ground, which by its nature conclusively precluded any alleged coverage in this case.

The judgment of the lower court is affirmed.

STEWART, ASSOCIATE C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.

---

6. Because of the resolution which we make of this case, we do not reach the issue of whether before denying coverage for untimely filed claims, insurance companies must demonstrate the existence of actual prejudice resulting therefrom.