**SALT LAKE COUNTY, a political subdivision of the State of Utah, and Utah Association of Counties, a Utah nonprofit corporation, Plaintiffs and Appellants,**

**v.**

**Norman H. BANGERTER, R. Paul Van Dam, and the Utah State Tax Commission, Defendants and Appellees.**

No. 940520.

Supreme Court of Utah.

Nov. 26, 1996.

---

Douglas R. Short and Karl L. Hendrickson, Salt Lake City, for Salt Lake County.

Bill Thomas Peters, Salt Lake City, for Association of Counties.

Jan Graham, Atty. Gen., John C. McCarrey, Asst. Atty. Gen., Salt Lake City, for Bangerter, Van Dam, and Tax Commission.

HOWE, Justice:

Salt Lake County and the Utah Association of Counties (the Counties) appeal from a summary judgment dismissing for lack of standing the Counties' complaint requesting a declaratory judgment that Utah Code Ann. § 59–2–1004(3)(d) (1996) (the Equalization Act) is unconstitutional.

The Equalization Act provides:

If the fair market value of the property that is the subject of the appeal deviates plus or minus 5% from the assessed value of comparable properties, the valuation of the appealed property shall be adjusted to reflect a value equalized with the assessed value of comparable properties. The equalized value shall be the assessed value for property tax purposes until the assessor is able to evaluate and equalize the assessed value of all comparable properties to bring them all into conformity with full fair market value.

The Counties maintain that the Act violates article XIII, section 3 of the Utah Constitution, which requires that property be assessed at its fair market value.[1] They claim standing to bring this action because reduction in the assessed value of property under the Equalization Act would diminish tax revenues and impact county budgets. The Counties, however, have failed to set forth the specific facts of any case that has arisen. As far as we can determine from the record before us, no taxpayer has actually received a reduction of his property taxes under the statute. Here, as in *Baird v. State*, 574 P.2d 713 (Utah 1978), "the allegations concerning the unconstitutionality of the act were all pleaded in the abstract. There were no concrete facts pleaded indicating any specific injury sustained or threatened to plaintiff personally." *Id.* at 715.

In a declaratory judgment action, the law itself is at issue. This does not remove the controversy requirement, however. "To maintain an action for declaratory relief, plaintiff must show that the justiciable and jurisdictional elements requisite in ordinary actions are present, for a judgment can be rendered only in a real controversy between adverse parties." *Id.* To render the constitutionality of the Act ripe for adjudication, the Counties must produce a tax assessment that has been challenged and reduced under the Equalization Act with a resulting loss of revenue to the relevant county. In the absence of such a reduced assessment, our hands are tied because a justiciable controversy necessarily involves "an accrued state of facts as opposed to a hypothetical state of facts." *Id.* (citation omitted).

In *Jenkins v. Swan*, 675 P.2d 1145, 1148 (Utah 1983), we held that before the district court can proceed in an action for declaratory judgment, "(1) there must be a

---

1. "(1) The Legislature shall provide by law a uniform and equal rate of assessment on all tangible property in the state, according to its value in money...." Utah Const. art. XIII, § 3.

justiciable controversy; (2) the interests of the parties must be adverse; (3) the parties seeking relief must have a legally protected interest in the controversy; and (4) the issues between the parties must be ripe for justiciable determination" (citing *Jenkins v. Finlinson*, 607 P.2d 289 (Utah 1980)). In the instant case, there is no justiciable controversy and, consequently, the issues between the parties are not ripe for judicial determination. Thus, strictly speaking, the trial court should not even have reached the issue of standing, since it is only after a cause of action accrues that a court can determine which parties have standing and then proceed to adjudicate the merits. The proper course would have been to dismiss the case for lack of ripeness. "We may, however, 'affirm a grant of summary judgment on any ground available to the trial court, even if it is one not relied on below.'" *Harline v. Barker*, 912 P.2d 433, 438 (Utah 1996) (citing *Higgins v. Salt Lake County*, 855 P.2d 231, 235 (Utah 1993)).

The Counties express concern that the constitutionality of the Equalization Act will probably never be challenged if they are denied standing, because a taxpayer who is able to lower his tax liability under the Act has no complaint and the State would be unlikely to challenge its own statute. However, we do not here deny standing to the Counties. They are free to challenge the statute whenever they can present an actual controversy based on concrete facts.

 In addition, the Counties cite *Kennecott Corp. v. Salt Lake County*, 702 P.2d 451 (Utah 1985), and *Utah Association of Counties v. Tax Commission*, 895 P.2d 819 (Utah 1995), for precedent illustrating their standing in tax-assessment-based actions. These cases are inapposite, first, because the issue in the instant case is not standing but ripeness, and second, because both *Kennecott* and *Association of Counties* involved actual challenges to specific property value assessments—precisely what is missing here. If the Counties wish to attack the Equalization Act in the abstract without a specific controversy which is ripe for adjudication, they must approach the legislature, not this court. "When it is ascertained that there is no jurisdiction in the court because of the absence of a justiciable controversy, then the court can go no further, and its immediate duty is to dismiss the action...." *Baird*, 574 P.2d at 716. Because we dismiss this case on the threshold issue of ripeness, we do not reach plaintiffs' secondary issues.

Affirmed on a different ground.

ZIMMERMAN, C.J., and DURHAM and RUSSON, JJ., concur.

STEWART, Associate C.J., does not participate herein.