Jane HARPER, Richard D. Harper, Frank Cattelan, and Richard Richins, Plaintiffs, Appellees, and Cross-appellants,

v.

SUMMIT COUNTY, a body politic; Summit County Commission; Summit County Planning Commission; and Utelite Corporation, Defendants, Appellants, and Cross-appellees.

No. 961486–CA.

Court of Appeals of Utah.

July 23, 1998.

Jody K. Burnett, Salt Lake City, for Appellants.

Summit County, Summit County Commission, and Summit County Planning Commission, Eric C. Olson, Salt Lake City, for Appellant Utelite Corporation.

James L. Warlaumont, Jeffrey W. Appel, and Benjamin T. Wilson, Salt Lake City, for Appellees.

Before WILKINS, Associate P.J., and BENCH and JACKSON, JJ.

## OPINION

WILKINS, Associate Presiding Judge:

Defendants, the Summit County entities (Summit County) and Utelite Corporation (Utelite), jointly appeal from several trial court rulings. Defendants appeal from a partial summary judgment order entered by Judge Wilkinson in favor of Jane Harper, Richard D. Harper, Frank Cattelan, and Richard Richins (plaintiffs). Defendants also appeal from Judge Wilkinson's denial in the summary judgment order of their motions to dismiss based on nonjoinder of Union Pacific Railroad (the Railroad) and from Judge Noel's order granting plaintiffs attorney fees under the Utah Open and Public Meetings Act, see Utah Code Ann. § 52-4-9(2) (1998). Further, defendants appeal from Judge Noel's determination that Utelite is liable under a claim of nuisance per se based solely on its violation of the Summit County Development Code. We affirm in part and reverse in part Judge Wilkinson's summary judgment order, and we reverse Judge Noel's attorney fees order and nuisance per se determination.

Plaintiffs cross-appeal from Judge Brian's order denying plaintiffs' motion to file a third amended complaint; Judge Noel's denial of their motion for attorney fees under 42 U.S.C. §§ 1983, 1988 (1981); Judge Iwasaki's order granting Summit County's request for a protective order under Rule 26(c) of the Utah Rules of Civil Procedure; Judge Noel's decision to grant Utelite's Motion for Jury View; Judge Noel's adoption of findings of fact and conclusions of law prepared by Utelite's counsel regarding equitable relief; and Judge Brian's order granting Utelite's Motion in Limine Regarding: Access. We affirm on all issues presented in the cross-appeal.[1]

1. We note that a voluminous record has been amassed in this case over the past nine years, involving a multitude of hearings and a great succession of orders. We further note that five trial court judges are involved in this lengthy litigation and appeal because of the Third District Court's problematic system of rotating judges in Summit County. See Gillmor v. Wright,

## BACKGROUND

In the spring of 1989, after receiving approval and an electrical building permit from Summit County, Utelite built a railroad loading facility on a leased portion of the Railroad's right of way in Echo, Utah. On July 31, 1990, plaintiffs, who own homes near the right of way, filed suit against Summit County asserting the county had illegally approved and permitted Utelite's facility.

In their complaint, plaintiffs alleged, among other things, that Summit County had violated plaintiffs' due process rights, the Summit County Development Code (Development Code), and Utah's Open and Public Meetings Act, *see* Utah Code Ann. §§ 52–4–1 to –10 (1998). Based on these violations, plaintiffs asked the trial court to require Summit County to ensure that Utelite cease using its facility and to award plaintiffs their attorney fees.

Plaintiffs later amended their complaint to name Utelite as a defendant but did not add new theories or state any claims against Utelite. Plaintiffs then filed a motion for summary judgment against Summit County, arguing the undisputed material facts showed as a matter of law that Summit County had violated plaintiffs' due process rights, the Development Code, and the Utah Open and Public Meetings Act. Summit County moved to dismiss the case under Rule 19(c) of the Utah Rules of Civil Procedure because plaintiffs had not joined the Railroad as a defendant. Although plaintiffs had not yet brought claims against Utelite during this period, Utelite also participated in these proceedings by filing motions and memoranda.

Judge Wilkinson held a hearing during which plaintiffs' summary judgment motion was "presented, argued and submitted." At the end of the hearing, Judge Wilkinson ruled from the bench, granting plaintiffs' summary judgment motion and denying Summit County's motion to dismiss. The record does not contain a transcript of this hearing, except for Judge Wilkinson's ruling.

850 P.2d 431, 438–40 (Utah 1993) (Orme, J., concurring) (discussing Summit County's system

Judge Wilkinson's ruling was reduced to writing in the form of an order for partial summary judgment and findings of fact and conclusions of law, both issued August 23, 1993. Based on his findings of undisputed fact and legal conclusions, Judge Wilkinson ordered that "Summit County shall be required to effectuate the removal of Utelite from their currently occupied site." *See* The Development Code of Summit County § 1.16 (July 1989) (authorizing removal of structures that violate Development Code). However, Judge Wilkinson stayed this order for sixty days pending interlocutory appeal to the Utah Supreme Court, which summarily denied the appeal.

Plaintiffs thereafter filed a motion for an order to show cause why Summit County "should not be required to abide by the Order entered against them to ... [e]ffectuate the immediate removal of the Utelite facility." Utelite moved to set aside Judge Wilkinson's partial summary judgment and submitted new affidavits. After a hearing—for which we also have no transcript—Judge Young denied plaintiffs' motion and stayed removal of Utelite's facility "pending a final resolution of all remaining claims against all parties and the entry of a final order and appropriate form of judgment adjudicating the merits of all remaining claims against all parties." Judge Young further denied Utelite's motion to set aside the partial summary judgment.

In March 1994, plaintiffs filed a second amended complaint claiming, among other things, that Utelite's facility is a nuisance per se. Further, the second amended complaint specified 42 U.S.C. §§ 1983 and 1988 as a basis for recovering attorney fees from Summit County regarding plaintiffs' due process claim.

The flurry of motions, memoranda, orders, and discovery endeavors continued through the first day of trial. Before opening statements, plaintiffs successfully moved that Judge Noel rule as a matter of law that the facility was a nuisance per se based on Judge Wilkinson's conclusion on partial summary

of rotating judges).

judgment that Utelite's facility was built in violation of the Development Code. Having established Utelite's liability under that theory, plaintiffs dropped their other claims without prejudice, and the jury trial proceeded primarily to determine the amount of damages, if any, arising from the nuisance per se claim. Meanwhile, Judge Noel "also heard the evidence with respect to the plaintiffs' claim for equitable relief supplementary to any such relief already awarded in th[e] action." The jury then awarded plaintiffs damages under nuisance per se, and Judge Noel declined to award plaintiffs "any further equitable relief ... other than the equitable relief previously granted by Judge Wilkinson."

On May 1, 1996, Judge Noel granted plaintiffs' motion against Summit County for attorney fees under the Utah Open and Public Meetings Law, see Utah Code Ann. § 52–4–9(2), but denied plaintiffs' motion against Summit County for attorney fees under 42 U.S.C. §§ 1983 and 1988. Judge Noel also stayed "implementation of the Order Granting Partial Summary Judgment entered on August 23, 1993 by Judge Wilkinson which requires the removal of the facility of Utelite from its currently occupied site at Echo, Utah ... during the pendency of the appeal in this action."

## ANALYSIS

Defendants Summit County and Utelite appeal and plaintiffs cross-appeal, presenting myriad issues for our consideration. We first address the issues defendants raise on appeal.

### I. Defendants' Appeal

Defendants jointly appeal Judge Wilkinson's summary judgment orders. They also jointly appeal Judge Noel's attorney fees order and nuisance per se determination. We begin our analysis of their appeal by addressing their challenge to Judge Wilkinson's order granting partial summary judgment in plaintiffs' favor.

#### A. Defendants' Challenge to the Trial Court's Order Granting Plaintiffs Partial Summary Judgment

In challenging Judge Wilkinson's grant of partial summary judgment in plaintiffs' favor, defendants argue Judge Wilkinson incorrectly concluded that Summit County violated (1) the Development Code; (2) the Utah Open and Public Meetings Act, see Utah Code Ann. §§ 52–4–1 to –10 (1998); and (3) plaintiffs' due process rights. Defendants also argue Judge Wilkinson erroneously ordered Summit County to ensure the removal of Utelite's facility.

■ Summary judgment may be granted only when no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law. See Utah R. Civ. P. 56; Ron Shepherd Ins., Inc. v. Shields, 882 P.2d 650, 654 (Utah 1994). Because an appeal from summary judgment involves only legal issues, "we do not defer to the trial court's rulings." Ron Shepherd, 882 P.2d at 654. Instead, we determine whether the trial court correctly applied the law and correctly determined that no disputed issues of material fact existed. See id.

1. *Whether Construction of the Utelite Facility Violated the Summit County Development Code*

We first address the correctness of Judge Wilkinson's determination on summary judgment that Summit County violated the Development Code. In his findings, conclusions, and order, Judge Wilkinson did not specify how Summit County violated the Development Code. However, our inability to understand the basis of the trial court's decision does not hurt plaintiffs' claim in this instance because " '[w]e may ... "affirm a grant of summary judgment on any ground available to the trial court, even if it is one not relied on below." ' " *Salt Lake County v. Bangerter*, 928 P.2d 384, 386 (Utah 1996) (citations omitted).

In both their summary judgment memoranda and their appellate brief, plaintiffs base their Development Code claim on two allegations. First, plaintiffs allege that Summit County utterly failed to issue a certificate of zoning compliance. Second, plaintiffs argue that Summit County failed to timely issue the correct building permits. Defendants do not deny these allegations. In-

stead, defendants argue that despite these failures the Development Code was not violated because Utelite's facility is a valid accessory use to the Railroad's pre-existing use.

The Development Code defines an accessory use as "[a] subordinate use customarily incidental to and located upon the same lot occupied by the main use and devoted exclusively to the main use of the premises." The Development Code of Summit County § 1.6(63) (July 1989). Defendants correctly argue in their joint brief that whether Utelite's facility is an accessory use is a determination of law that can be answered only by considering the underlying factual situation. *See Alta v. Ben Hame Corp.*, 836 P.2d 797, 800 (Utah Ct.App.1992). Defendants then complain that Judge Wilkinson arrived at his decision as if there were no factual dispute.

On summary judgment, the movant bears the initial burden of informing the trial court of the basis for its motion and identifying the portions of the pleadings or supporting documents that the movant believes demonstrate the absence of a genuine issue of material fact. *See TS 1 Partnership v. Allred*, 877 P.2d 156, 158 (Utah Ct.App.1994). Plaintiffs met this burden and properly supported their motion.[2] The burden then shifted to defendants to demonstrate that summary judgment was not appropriate by setting forth specific facts showing there was a genuine issue for trial. *See DLB Collection Trust v. Harris*, 893 P.2d 593, 597 (Utah Ct.App. 1995). To meet this burden, defendants could "not rest upon the mere allegations or denials of [their] pleading[s], but [their] response[s], by affidavits or as otherwise provided [by rule], [had to] set forth specific facts showing that there [was] a genuine issue for trial." Utah R. Civ. P. 56(e).

It appears Summit County attempted to satisfy Rule 56(e) by submitting affidavits in support of its argument that Utelite's facility is a valid accessory use. However, we conclude these affidavits failed to properly "set forth specific facts showing that there [was] a genuine issue for trial." *Id.*

Summit County submitted two affidavits purporting to address the issue of whether the facility is a valid accessory use. One affidavit was that of Eric A. Averett, the Summit County Building Inspector when the Utelite facility was constructed. Averett's affidavit states, in relevant part: "That as the Summit County Building Official and Building Inspector, it was, and is my opinion that the Utelite loading apparatus was an accessory building with less than 120 square foot roof and as such was exempt from the Building Permit requirements of the Uniform Building [C]ode." However, this affidavit merely states the legal conclusion that the facility is an accessory use, and as such was exempt from the Development Code's building permit requirements. It does not set forth *specific facts* to support this bare legal conclusion and, therefore, fails to show that there is a genuine issue for trial. *See id.; see also Butterfield v. Okubo*, 831 P.2d 97, 104 (Utah 1992) (stating even expert's affidavit must include not only expert's opinion, but also specific facts logically supporting expert's conclusion); *Busch Corp. v. State Farm Fire & Cas. Co.*, 743 P.2d 1217, 1219 (Utah 1987) (stating trial court may properly conclude no genuine issues of fact exist unless face of nonmovant's affidavit affirmatively discloses existence of such issue); *Treloggan v. Treloggan*, 699 P.2d 747, 748 (Utah 1985) (stating nonmoving party's affidavit must contain specific evidentiary facts showing existence of genuine issue for trial). Therefore, Averett's affidavit does not meet Rule 56(e)'s requirements.

Summit County also submitted the affidavit of Franklin P. Andersen, Deputy Summit County Attorney. Attached to Andersen's affidavit is a letter, signed by Andersen and written to plaintiffs' attorney, that explains Andersen's opinion that Utelite's facility is a valid accessory use under the Development Code. However, Andersen's affidavit merely states, "I am the author of that certain letter bearing my signature, dated February 13, 1990, and addressed to Jef-

---

**2.** For example, plaintiffs supported their claim that Summit County violated the Development Code with exhibits verifying undisputed facts re-

garding the electrical and building permits Summit County issued Utelite.

frey W. Appel, a copy of which is attached hereto and made a part hereof by reference." The affidavit does not testify to the truthfulness of the letter's contents in any way. Instead, the only issue the affidavit testifies to regarding the letter is that Andersen wrote it. Therefore, we only consider the letter in terms of what Andersen's affidavit swears to—that it is a document Andersen authored.[3] As such, like Averett's affidavit, Andersen's affidavit and the accompanying letter do not set forth specific facts regarding defendants' accessory use argument showing that there is a genuine issue for trial.

We have reviewed the record and cannot find any other documents submitted by defendants setting forth specific facts supporting their argument that Utelite's facility satisfies the accessory use exception and is therefore exempt from the Development Code requirements.[4] As a result, we conclude defendants did not adequately support their accessory use argument with specific facts showing that there was a genuine issue for trial in terms of plaintiffs' claim that defendants violated the Development Code. Therefore, we conclude the trial court did not err in concluding Summit County violated the Development Code and affirm the summary judgment order as to that issue.[5]

3. Rule 56(e) of the Utah Rules of Civil Procedure provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

4. We note that the transcript of the summary judgment hearing was not made available to us on appeal. We therefore cannot review its contents to determine whether additional evidence was presented in support of defendants' motions. However, we also note that on appeal none of the parties have referred to any evidence presented at the summary judgment hearing.

5. Defendants also appeal from Judge Wilkinson's denial of their Rule 12(b)(7) motion to dismiss for failure to join an indispensable party, see Utah R. Civ. P. 12(b)(7), arguing the trial court erred in concluding the Railroad was not a necessary and indispensable party, see id. 19(a), (b). However, defendants' argument rests on its con-

## 2. Whether Summit County Violated the Utah Open and Public Meetings Act

We next address whether the trial court correctly concluded that Summit County violated the Utah Open and Public Meetings Act. Defendants argue the trial court erred in drawing this conclusion because plaintiffs' claim is barred by the applicable statute of limitations.[6]

On December 13, 1988, a Utelite representative attended a Summit County Planning Commission meeting. A Summit County Planning Commission employee had suggested to Utelite that a Utelite representative attend the meeting to speak to the Commission about getting approval to build the Utelite facility in Echo. At the meeting, Utelite's representative discussed construction of the facility with the Planning Commission. Utelite later received a letter, sent on the Planning Commission chairman's behalf, confirming the December 13 meeting discussion and indicating that the Planning Commission agreed that the Utelite operation could be moved from Wanship to Echo and would be considered a permitted use at the proposed Echo site. Plaintiffs' suit claims Summit County violated the Utah Open and Public Meetings Act, see Utah Code Ann. § 52-4-6 (1998),[7] because the December 13, 1988 meet-

tention that Utelite's facility is an accessory use to the Railroad's pre-existing use. Because we have rejected defendants' accessory use argument, we also reject their Rule 12(b)(7) argument.

6. Defendants also argue they did not violate the Utah Open and Public Meetings Act because the act of Utelite's representative dropping in and discussing the Utelite facility was a "routine operational" event that did not require specific notice on the public meeting agenda. We do not address this argument because we conclude the statute of limitations bars plaintiffs' claim.

7. Section 52-4-6 provides, in relevant part:

> (1) Any public body which holds regular meetings that are scheduled in advance over the course of a year shall give public notice at least once each year of its annual meeting schedule as provided in this section. The public notice shall specify the date, time, and place of such meetings.
> (2) In addition to the notice requirements of Subsection (1) of this section, each public body shall give not less than 24 hours' public notice

ing agenda did not provide public notice that the Utelite facility would be discussed. With such a claim, the Utah Open and Public Meetings Act required plaintiffs to file suit within ninety days after the December 13, 1988 meeting. *See* Utah Code Ann. § 52-4-8 (1998). However, plaintiffs did not file suit until July 31, 1990, nineteen months (well over ninety days) after the meeting occurred.

■ "Generally, a cause of action accrues and the relevant statute of limitations begins to run 'upon the happening of the last event necessary to complete the cause of action ... [and] mere ignorance of the existence of the cause of action does not prevent the running of the statute of limitations.'" *Warren v. Provo City Corp.*, 838 P.2d 1125, 1128–29 (Utah 1992) (quoting *Myers v. McDonald*, 635 P.2d 84, 86 (Utah 1981)). "However, in certain instances, the discovery rule 'may operate to toll the period of limitations "until the discovery of facts forming the basis for the cause of action."'" *Berenda v. Langford*, 914 P.2d 45, 50–51 (Utah 1996) (citations omitted).

■ One of three situations in which the discovery rule applies is "'where the case presents exceptional circumstances and the application of the general rule would be irrational or unjust, regardless of any showing that the defendant has prevented the discovery of the cause of action.'" *Walker Drug Co., Inc. v. La Sal Oil Co.*, 902 P.2d 1229, 1231 (Utah 1995) (quoting *Warren*, 838 P.2d at 1129) (footnotes omitted). The trial court applied this exceptional circumstances version of the discovery rule in concluding plaintiffs' Utah Open and Public Meetings Act claim was not barred by the ninety-day statute of limitations set forth in section 52-4-8.

■ "'The ultimate determination of whether a case presents exceptional circumstances that render the application of a statute of limitations irrational or unjust' [turns on] a balancing test." *Sevy v. Security Title Co.*, 902 P.2d 629, 636 (Utah 1995) (quoting *Warren*, 838 P.2d at 1129). In applying the balancing test, the court "weighs the hardship imposed on the claimant by the applica-

tion of the statute of limitations against any prejudice to the defendant resulting from the passage of time." *Id.* However, before a court reaches this test, the plaintiff must first show "that the plaintiff did not know of and could not reasonably have known of the existence of the cause of action in time to file a claim within the limitation period." *Warren*, 838 P.2d at 1129.

■ "[T]he issue of when a claimant discovered or should have discovered the facts forming the basis of a cause of action is a question of fact, and the fact finder's conclusion cannot be overturned on appeal unless it is clearly erroneous." *Sevy*, 902 P.2d at 634. Thus, the trial court had to make a factual finding on plaintiffs' motion for summary judgment regarding when plaintiffs discovered or should have discovered the facts forming the basis of their claim under the Utah Open and Public Meetings Act. Because summary judgment cannot be granted if there are any disputed issues of material fact, the trial court could only make this finding if plaintiffs had presented undisputed facts supporting the trial court's finding. *See id.* at 635 ("[T]he question of when a plaintiff should have discovered a cause of action is a question of law only when no issues of material fact existed.").

■ However, the trial court's determination that exceptional circumstances allowed plaintiffs' late filing is unsupported by any factual findings. Moreover, we have thoroughly reviewed the documents plaintiffs filed with the trial court in support of their motion for summary judgment and in answer to defendants' responses and motions to dismiss. In none of those documents have we found where plaintiffs made a showing, based on specific facts rather than vague statements, that they "did not know of and could not reasonably have known of the existence of the cause of action in time to file a claim within the limitation period." *Warren*, 838 P.2d at 1129. We therefore conclude that plaintiffs failed to meet their burden on summary judgment to present undisputed facts supporting their contention that their claim

of the agenda, date, time and place of each of its meetings.

Utah Code Ann. § 52-4-6(1), (2) (1998).

was tolled by the exceptional circumstances discovery rule.[8] Because no facts were presented to support tolling plaintiffs' claim, the trial court's implicit finding regarding when plaintiffs either discovered or should have discovered their claim was clearly erroneous. As a result, the court erred by concluding on summary judgment that plaintiffs' claim was not barred by the ninety day statute of limitations. Consequently, we reverse the trial court's grant of summary judgment and denial of defendants' motion to dismiss regarding plaintiffs' claim brought under the Utah Open and Public Meetings Act.

Utah Code Ann. § 52–4–9(2) (1998) provides that if a plaintiff brings a successful suit under the Utah Open and Public Meetings Act, the court may award the plaintiff attorney fees. Pursuant to this provision, Judge Noel awarded plaintiffs attorney fees because Judge Wilkinson granted partial summary judgment on plaintiffs' Utah Open and Public Meetings Act claim. However, because we reverse Judge Wilkinson's grant of partial summary judgment on plaintiffs' Utah Open and Public Meetings Act claim, the basis underlying Judge Noel's attorney fees award no longer exists. We therefore vacate Judge Noel's May 1, 1996 award of attorney fees.

### 3. Whether Summit County Violated Plaintiffs' Due Process Rights

The trial court also awarded plaintiffs summary judgment on their due process claim. On appeal defendants argue the trial court erred in concluding Summit County violated plaintiffs' due process rights. We agree with defendants because plaintiffs did not meet their burden on summary judgment.[9]

▮ The Fifth Amendment to the United States Constitution prohibits the State from depriving one of "life, liberty, or property, without due process of law." U.S. Const. amend. V. Thus, in asserting a due process violation, plaintiffs must show the State acted in two ways. First, plaintiffs must show the State deprived them of their life, liberty, or property. Second, plaintiffs must show that deprivation was made without the required legal process.

▮ The trial court did not address either of these elements in its findings, conclusions, and order. Instead, the trial court simply stated its conclusion that defendants violated plaintiffs' due process rights. Furthermore, we have thoroughly reviewed plaintiffs' due process argument and have discovered that plaintiffs failed to articulate specific facts supporting their due process claim in their motion for summary judgment. In their motion, plaintiffs did not set forth specific undisputed facts that showed a life, liberty, or property interest of which the County had deprived them. *See Jensen v. IHC Hosps., Inc.*, 944 P.2d 327, 339 (Utah 1997) (stating that on motion for summary judgment, moving party bears burden of proof for its motion, and plaintiff has ultimate burden of proving all elements of plaintiff's cause of action). We therefore conclude the trial court erred in granting summary judgment on plaintiffs' due process claim.

### 4. Whether the Trial Court Erred by Requiring Summit County to Effectuate the Removal of Utelite's Facility

In its order granting plaintiffs partial summary judgment, the trial court granted plain-

---

**8.** Furthermore, plaintiffs did not make any showing to support tolling the statute of limitations until ninety days before plaintiffs filed their claim one and one-half years after the December 13, 1988 meeting occurred. The discovery rule does not indefinitely toll the running of the applicable statute of limitations. It only tolls the statute of limitations until "the time the plaintiff first knew or should have known the facts giving rise to the cause of action." *Anderson v. Dean Witter Reynolds, Inc.*, 920 P.2d 575, 578 (Utah Ct.App.), *cert. denied*, 929 P.2d 350 (Utah 1996). The trial court should have examined when the plaintiffs knew or should have known of their claim. For example, perhaps their claim began to run when

construction began on the Utelite facility on February 21, 1989, or when the facility opened on April 25, 1989. *Cf. Warren*, 838 P.2d at 1129.

**9.** Plaintiffs do not specifically state whether their due process claim is based on the Utah or United States Constitution. However, because plaintiffs' brief only cites to federal cases, indicating theirs was a federal due process complaint, we base our analysis on federal constitutional law. *Cf. State v. Ramirez*, 948 P.2d 375, 379 n. 4 (Utah Ct.App.1997) (analyzing argument under United States Constitution where defendant failed to make separate state constitutional argument).

tiffs' request for injunctive relief by ordering Summit County to ensure the removal of Utelite's facility. Defendants appeal that grant of injunctive relief.

■ We first note that defendants have not demonstrated that plaintiffs were not entitled to seek the removal of Utelite's facility. Defendants admit that when the events giving rise to this action occurred and when plaintiffs initiated suit, Utah law authorized plaintiffs to "institute injunction[s] ... or proceedings to prevent, enjoin, abate or remove the unlawful building, use or act." *See* Utah Code Ann. § 17–27–23 (1987) (repealed July 1, 1992). Defendants also admit that the Utah Supreme Court interpreted this statute as not requiring "a specific showing of irreparable injury." *Utah County v. Baxter*, 635 P.2d 61, 65 (Utah 1981). As such, defendants essentially admit that the law authorized plaintiffs to seek removal of the Utelite facility if plaintiffs successfully proved that the Utelite facility was an unlawful building, use, or act. Plaintiffs did successfully prove the unlawfulness of Utelite's facility by prevailing on their Development Code claim on summary judgment. Thus, defendants admit the law authorized plaintiffs to seek the injunctive relief granted them by the trial court.

Nevertheless, defendants make two arguments to support their contention that they should not have to ensure the facility's removal. First, defendants argue that the Utelite facility is merely participating in an accessory use permitted by the Development Code. However, as we have explained above, defendants failed to support this argument on summary judgment, and we therefore reject it. Second, defendants argue that the

trial court's injunctive relief could give Utelite a claim of equitable estoppel against the County. However, this issue does not affect plaintiffs but, if valid, is an issue defendants will have to resolve at a later time. We thus reject both of defendants' arguments.

As a result, defendants have not demonstrated either that plaintiffs were not authorized to seek removal of Utelite's facility or that Judge Wilkinson's injunctive relief order violates law. Therefore, we reject defendants' challenge to Judge Wilkinson's order requiring Summit County to ensure that the Utelite facility is removed.[10]

B. Defendants' Challenge to the Trial Court's Conclusion that the Violation of Summit County's Development Code Was a Nuisance Per Se

■ Defendants also attack Judge Noel's conclusion, made before opening arguments at trial, that the Utelite facility's violation of the Development Code constituted a nuisance per se. Whether the Development Code violation constituted a nuisance per se is a question of law we review for correctness. *See State v. Pena*, 869 P.2d 932, 936 (Utah 1994).

■ Utah courts recognize that "[w]hen the conditions giving rise to a nuisance are also a violation of a statutory prohibition, those conditions constitute a nuisance per se." *Branch v. Western Petroleum, Inc.*, 657 P.2d 267, 276 (Utah 1982); *accord Turnbaugh v. Anderson*, 793 P.2d 939, 943 (Utah Ct.App.1990); *see also Erickson v. Sorensen*, 877 P.2d 144, 149 (Utah Ct.App.1994) ("Nuisance per se exists when the conduct creating the nuisance is also specifically prohibited by statute—not just that it is unlawful in the

10. Defendants argue that Judge Young, Judge Brian, and Judge Noel erred by declining to revisit the issues Judge Wilkinson resolved despite the expanded record these subsequent judges enjoyed, and despite the fact that these later judges could conclude Judge Wilkinson made erroneous legal conclusions. However, defendants ignore the fact that Judge Wilkinson ruled on a motion for summary judgment. His ruling, then, had to be based on the record and arguments before him on summary judgment. Defendants cannot rely on their supplementation of the record following the grant of summary judgment to defeat plaintiffs' summary judgment motion after-the-fact. Motions for summary judgment are granted and denied based on the record before the trial judge when the motion is considered.

Furthermore, we have addressed the issues Judge Wilkinson ruled upon and to which defendants now point in arguing that later judges erred by not revisiting. To the extent we have found error, we have reversed Judge Wilkinson's decisions. For us to now determine whether the other trial judges erred by not doing so earlier would grant defendants no additional relief. We therefore decline to further consider this argument.

broader sense necessary to show a nuisance under the public nuisance statute.").

However, the Utah Supreme Court has specifically declared that a violation of an ordinance does not constitute a nuisance per se. *See Padjen v. Shipley*, 553 P.2d 938, 939 (Utah 1976). Indeed, in *Padjen* the supreme court appears to have adopted the language of the court in *Schubach v. Silver*, 9 Pa.Cmwlth. 152, 305 A.2d 896 (1973), *rev'd on other grounds*, 461 Pa. 366, 336 A.2d 328 (1975), stating, " 'We can find no support for holding that simple violation of a zoning ordinance constitutes a nuisance per se.' " *Padjen*, 553 P.2d at 939 (quoting *Schubach*, 305 A.2d at 905). Because what was violated in this case was an ordinance, we conclude, based on the reasoning in *Padjen*, that the trial court erred in concluding that the violation of the Development Code constituted a nuisance per se.[11] We therefore reverse Judge Noel's ruling regarding this issue.

In summary, we affirm Judge Wilkinson's grant of summary judgment with respect to plaintiffs' Development Code claim, but reverse it with respect to plaintiffs' Utah Open and Public Meetings Act and due process claims. As a result, we reverse Judge Noel's order granting plaintiffs' attorney fees under the Utah Open and Public Meetings Act. We also affirm Judge Wilkinson's order requiring Summit County to ensure Utelite's facility is removed but reverse Judge Noel's conclusion that the Development Code violation constituted a nuisance per se.

We next address the issues plaintiffs raise on cross-appeal.

## II. Plaintiffs' Cross-appeal

On cross-appeal, plaintiffs present several issues for our review. We first address plaintiffs' argument that Judge Brian committed reversible error by denying their motion to file a third amended complaint.

### A. The Trial Court's Denial of Plaintiffs' Motion to File a Third Amended Complaint

At the conclusion of discovery, plaintiffs sought to file a third amended complaint pursuant to Rule 15 of the Utah Rules of Civil Procedure by which plaintiffs would present two additional claims, one against Summit County and one against Utelite. Judge Brian denied plaintiffs' motion on the following bases: (1) the proposed amendment would result in significant delay by involving the Railroad as a party; (2) the discovery cutoff date expired four days before plaintiffs filed their motion to amend, and (3) denying the proposed amendment would not prejudice plaintiffs because they could obtain the additional relief sought by filing a new court action. Plaintiffs contend on appeal that none of these reasons are sufficient under Rule 15 to deny their amendment.

"The granting or denying of leave to amend a pleading is within the broad discretion of the trial court, and we will not disturb such a ruling absent a showing of an abuse of that discretion." *Mountain Am. Credit Union v. McClellan*, 854 P.2d 590, 592 (Utah Ct.App.1993). We consider three factors in reviewing the trial court's ruling on a motion to amend: "(1) the timeliness of the motion; (2) the moving party's reason for the delay; and (3) the resulting prejudice to the responding party." *Id.*

We have reviewed the record in terms of each of these factors. First, plaintiffs did not seek to file this *third* amended complaint until well after partial summary judgment was entered and discovery was completed. Second, plaintiffs sought to amend their complaint so that they could seek additional relief. However, as Judge Brian noted, plaintiffs could obtain the additional relief they sought from the third amended complaint by filing a new court action. Third, granting the amendment would delay a trial in a case that had already been pending for years because it would involve the Railroad as a new party. Having

---

11. Plaintiffs argue certain statutes could serve as the basis for a nuisance per se claim, citing Utah Code Ann. §§ 17–27–7, –8, and –23 (1991) (repealed July 1, 1992). However, plaintiffs have not shown how the "conditions giving rise" to their nuisance claim were prohibited by these statutory provisions. *Branch*, 657 P.2d at 276. We therefore reject this argument.

considered each of these factors, we conclude Judge Brian did not abuse his discretion in denying plaintiffs' motion to file a third amended complaint.

B. The Trial Court's Denial of Plaintiffs' Motion for Attorney Fees Under 42 U.S.C. §§ 1983, 1988

We next address plaintiffs' argument that Judge Noel erred by denying their claim for attorney fees under 42 U.S.C. §§ 1983 and 1988. Whether the trial court erroneously denied plaintiffs attorney fees under sections 1983 and 1988 presents us with a question of law we review for correctness. *See generally Pena,* 869 P.2d at 936.

"To qualify for attorney fees under [section] 1988, a plaintiff must successfully prosecute a federal civil rights action." *Ambus v. Utah State Bd. of Educ.,* 858 P.2d 1372, 1376 (Utah 1993). "That has not been done in this case." *Id.* Even plaintiffs' second amended complaint does not refer to section 1983 or any other civil rights statute. *See id.* Therefore, plaintiffs are not entitled to attorney fees under section 1988. *See id.* at 1377. As a result, we affirm the trial court's denial of plaintiffs' request for attorney fees under 42 U.S.C. § 1988.

C. Other Issues on Cross-appeal

Plaintiffs raise several other issues on cross-appeal that we address briefly. We first address plaintiffs' argument that Judge Iwasaki erred by granting Summit County a protective order prohibiting plaintiffs from conducting any discovery against the county.

Judge Iwasaki granted the protective order because he concluded all of plaintiffs' substantive claims against Summit County had been resolved when Judge Wilkinson granted plaintiffs partial summary judgment. We agree with Judge Iwasaki's conclusion. However, if on remand, based on this opinion, plaintiffs go forward with claims against Summit County, Judge Iwasaki's reasoning behind granting the protective order will no longer be applicable. In that case, the trial court may find it appropriate to reconsider its Rule 26(c) ruling.

Plaintiffs also argue Judge Noel erroneously allowed the jury to travel to see the Utelite facility in operation. *See* Utah R. Civ. P. 47(j). Plaintiffs argue that because Utelite had notice of the jury's upcoming tour of the facility, the jury viewed a facility that had been cleaned up and prepared for their tour. As a result, plaintiffs argue, Judge Noel should not have allowed the tour because it would be more prejudicial than probative.

Judge Noel had discretion whether to order the jury to view Utelite's facility. *See State v. Cabututan,* 861 P.2d 408, 412 (Utah 1993). " 'There is a presumption as to the correctness of the trial judge's ruling in the absence of a demonstration to the contrary, and that decision will not be upset absent a clear abuse of discretion.' " *Id.* (quoting 75 Am.Jur.2d *Trial* § 259 (1991)). Plaintiffs have not shown that Judge Noel clearly abused his discretion in allowing the jury to visit Utelite's facility. The visit was probative in helping the jury decide the issue of damages based on the facility's operation at the time of trial. In addition, plaintiffs were able to present to the jury evidence of the measures Utelite had taken to clean up the facility in preparing for the jury's visit. Due to these circumstances, we cannot say Judge Noel abused his discretion in ordering the jury to view Utelite's facility. We therefore reject plaintiffs' argument.

Another of plaintiffs' arguments is that Judge Noel erred in adopting the findings of fact and conclusions of law prepared by Utelite regarding equitable relief. Plaintiffs have attempted to challenge the findings of fact addressing equitable relief and supporting Judge Noel's conclusions by quoting each finding of fact and then stating the evidence contradicting it. However, for an appellant to successfully challenge a trial court's findings of fact, the appellant " 'must marshal the evidence in support of the findings and then demonstrate that despite this evidence, the trial court's findings are so lacking in support as to be "against the clear weight of the evidence," thus making them "clearly erroneous." ' " *Valcarce v. Fitzgerald,* 961 P.2d 305, 312 (Utah 1998) (citations omitted). Because plaintiffs have wholly

failed to meet this requirement, we reject their argument.

We decline to address plaintiffs' other arguments on cross-appeal, such as that Judge Brian erroneously granted Utelite's motion in limine precluding evidence on lack of access, because they are either meritless or disposed of as a result of our treatment of other issues in this case. *See State v. Carter,* 776 P.2d 886, 888–89 (Utah 1989).

In summary, we affirm the trial court's decisions regarding each of the issues plaintiffs raise on cross-appeal.

## CONCLUSION

We affirm Judge Wilkinson's grant of summary judgment with respect to plaintiffs' Development Code claim, but reverse it with respect to plaintiffs' due process and Utah Open and Public Meetings Act claims, and reverse Judge Wilkinson's denial of defendants' motion to dismiss plaintiffs' Utah Open and Public Meetings Act claim. Defendants did not meet their burden on summary judgment to present facts supporting their argument that Utelite's facility is an accessory use to the Railroad's pre-existing use. Similarly, plaintiffs did not meet their burden on summary judgment to allege specific facts showing that they were deprived of a life, liberty, or property interest with respect to their due process claim. Further, plaintiffs did not meet their burden with respect to showing the exceptional circumstances discovery rule should be applied in their case.

Because we reverse Judge Wilkinson's grant of plaintiffs' summary judgment motion and denial of defendants' motion to dismiss with regards to plaintiffs' Utah Open and Public Meetings Act claim, we also reverse Judge Noel's award of attorney fees, which was based on that act. We affirm Judge Wilkinson's order requiring Summit County to ensure Utelite's facility is removed because defendants have not shown us how that order was erroneous. However, we reverse, based on our reading of *Padjen v. Shipley,* Judge Noel's determination that the Development Code violation was a nuisance per se.

We reject all of plaintiffs' arguments on cross-appeal. We affirm Judge Brian's denial of plaintiffs' motion to file a third amended complaint because we conclude he did not abuse his discretion. We affirm Judge Noel's denial of plaintiffs' request for attorney fees under 42 U.S.C. §§ 1983 and 1988 because plaintiffs did not successfully prosecute a federal civil rights action. We also affirm Judge Iwasaki's order granting Summit County a protective order, Judge Noel's order granting Utelite's request for the jury to visit its facility, and Judge Noel's findings and conclusions regarding equitable relief. We reject all of plaintiffs' other arguments on appeal.

We therefore affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

BENCH, J., concurs.

JACKSON, Judge (concurring in part, concurring in result in part, and dissenting in part):

I concur in the main opinion as to (1) the nuisance per se analysis found in part I.B.; (2) part II.A., affirming Judge Brian's denial of plaintiffs' motion to file a third amended complaint; and (3) part II.C., which affirms Judge Iwasaki's protective order, affirms Judge Noel's order allowing the jury to view the Utelite facility, rejects plaintiffs' attack on Judge Noel's adoption of findings of fact and conclusions of law on equitable relief prepared by Utelite, and affirms plaintiffs' other arguments on cross-appeal because they are either meritless or disposed of based on the results on other issues in the case. I concur in the result regarding parts I.A.1. and I.A.4, which affirm Judge Wilkinson's conclusion that Summit County violated its Development Code and his order of injunctive relief. Finally, I dissent concerning part I.A.2, which reverses Judge Wilkinson's conclusion that Summit County violated the Utah Open and Public Meetings Law (open meetings law), *see* Utah Code Ann. §§ 52–4–1 to –9 (1994); part I.A.3., which reverses Judge Wilkinson's conclusion that Summit County violated plaintiffs' due process rights; and II.B., which affirms Judge Noel's denial of section 1983 attorney fees to plaintiffs.

## ANALYSIS

### I. Appeal

I would wholly affirm Judge Wilkinson's order granting plaintiffs' motion for partial summary judgment. Specifically, I would hold, because defendants did not include a transcript of the summary judgment hearing in the record, that Judge Wilkinson correctly concluded that Summit County violated (1) its own Development Code, requiring Summit County to ensure the removal of Utelite's facility; (2) plaintiffs' due process rights; and (3) the open meetings law, *see* Utah Code Ann. §§ 52–4–1 to –9 (1994). As to the Development Code violation, then, I reach the same conclusion as the main opinion, but based on a different analysis, while as to the due process and open meetings law issues, I reach a different conclusion from the main opinion.

Regardless of whether the documentary evidence on file adequately supports the partial summary judgment for plaintiffs, defendants have not included in the record a tape or transcript of the arguments and possible admissions—which may include proffers, stipulations, or representations—made in the summary judgment hearings.[1] "[A] record should be made of *all* proceedings of courts of record. That precept applies to conferences in chambers as well as more formal proceedings." *Birch v. Birch*, 771 P.2d 1114, 1116 (Utah Ct.App.1989) (citations omitted). I believe a summary judgment hearing would fall under the category of "more formal proceedings." *Id.* Defendants had the burden " 'to make certain that the record they compile[d would] adequately preserve their arguments for review in the event of an appeal.' " *Id.* (quoting *Franklin Fin. v. New Empire Dev. Co.*, 659 P.2d 1040, 1045 (Utah 1983)); *see* Utah R.App. P. 11(e); *State v. Theison*, 709 P.2d 307, 309 (Utah 1985); *Tucker Real-*

*ty, Inc. v. Nunley*, 16 Utah 2d 97, 396 P.2d 410, 412–13 (Utah 1964); *State v. Christofferson*, 793 P.2d 944, 946–47 (Utah Ct.App. 1990); *State v. $9,199 United States Currency*, 791 P.2d 213, 217 (Utah Ct.App.1990); *Intermountain Power Agency v. Bowers–Irons Rec. Land & Cattle Co.*, 786 P.2d 250, 252 (Utah Ct.App.1990); *Birch*, 771 P.2d at 1116; *see also Whatcott v. Whatcott*, 790 P.2d 578, 581 n. 5 (Utah Ct.App.1990) ("[T]he summary judgment hearing was not included as part of the appellate court record.... 'Therefore, we presume the trial judge acted correctly....' " (Citation omitted.)); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2722, at 375–76 (3d ed.1998) (stating "admissions on file" include admissions that "occurred during the oral argument on the motion"); 11 James W. Moore, *Moore's Federal Practice* § 56.14[2][d][i] (3d ed. 1997) ("Statements made in open court on the record ... may qualify as admissions on file for purposes of seeking summary judgment.").

" 'We cannot speculate on the existence of facts that do not appear in the record. When crucial matters are not included in the record, the missing portions are presumed to support the action of the trial court.' " *Christofferson*, 793 P.2d at 947 (quoting *Theison*, 709 P.2d at 309). My hands are tied, and I therefore have no choice but to conclude that the trial court correctly granted partial summary judgment supported by admissions and/or other information presented in the oral arguments on the partial summary judgment. Accordingly, I would affirm that judgment.[2]

Regarding Judge Wilkinson's denial of defendant's motion to dismiss this case for nonjoinder of Union Pacific Railroad under Utah Rule of Civil Procedure 19(c), I would affirm.

---

1. Although hearings are not always held regarding summary judgment motions, in this case a hearing was held on July 8, 1991. The applicable minute entry states, "Plaintiffs' motion for Summary Judgment is ... presented, argued and submitted." Further, a hearing on the motion to set aside summary judgment was held on May 24, 1994. The applicable minute entry states that the court heard oral arguments during this hearing.

2. My implicit conclusion here that Summit County violated the open meetings law would dispose of the County's appeal from Judge Noel's order granting plaintiffs their attorney fees under that statute, because the County's only argument is based on its assertion that it did not violate the statute. Thus, I would hold, contrary to the main opinion, that plaintiffs are due attorney fees under the open meetings law.

This motion was argued and decided in the same proceeding as the above summary judgment motion. Again, because defendants did not supply us with a transcript of the arguments and possible admissions submitted to the trial court, I must presume the trial court's determination was supported by the missing portions of the record and would affirm his denial of defendants' motion. *See Christofferson,* 793 P.2d at 947.

## II. Cross–appeal—attorney fees

On cross-appeal, Judge Noel ruled that plaintiffs "failed to adequately plead, prior to Judge Wilkinson's [partial summary judgment] ruling, a cause of action under 42 U.S.C.A. § 1983 and accordingly are not entitled to attorney's fees" under 42 U.S.C. § 1988. Because I would reverse Judge Noel's ruling on attorney fees, I dissent from part II.B. of the main opinion.

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C.A. § 1988 (1981), allows "an award of attorney fees to the prevailing party in any proceeding brought under 42 U.S.C.A. § 1983 and other sections of the civil rights title." *Lorenc v. Call,* 789 P.2d 46, 49 (Utah Ct.App.), *cert. denied,* 795 P.2d 1138 (Utah 1990). Although claims under this Act are not confined to cases litigated in the federal courts, "a party must plead a federal civil rights claim to qualify for an award of attorney fees." *Id.*

The issue of "[w]hether plaintiff's complaint states a claim for relief under section 1983 is a question of law." *Id.* A plaintiff adequately states a claim for relief pursuant to section 1983 by alleging simply " '(1) that some person deprived [the plaintiff] of a right, privilege or immunity secured by the federal constitution; and (2) that such person acted under color of state law.' " *Id.* at 49–50 (quoting *International Soc'y for Krishna Consciousness, Inc. v. Colorado State Fair,* 673 P.2d 368, 373 (Colo.1983) (en banc)). Further, "it is well-settled that complaints filed under the Civil Rights Act are to be construed liberally." *Krishna Consciousness,* 673 P.2d at 373; *see also Call v. City of West Jordan,* 788 P.2d 1049, 1053 (Utah Ct. App.) (stating in section 1983 case that

" 'pleadings are generously interpreted' " (quoting *James v. Preston,* 746 P.2d 799, 801 (Utah Ct.App.1987))), *cert. denied,* 800 P.2d 1105 (Utah 1990).

The original complaint in this case effectively alleges that the defendant (Summit County) is a local government entity within Utah, acting in its official capacity. *See Krishna Consciousness,* 673 P.2d at 373. The complaint contains the following relevant "General Allegations":

8. The posted agenda for the Planning Commission meeting dated December 13, 1988 provides no notice to the public that there would be a discussion concerning the proposed relocation of the Utelite facility....

9. The minutes of the December 13, 1988 meeting of the Planning Commission contain no reference to a discussion concerning the proposed relocation of the Utelite facility....

The complaint further alleges specific ways in which the facility does not comply with zoning ordinances. Then, under the "First Cause of Action," the complaint outlines the following "Due Process Violations":

28. The acts and omissions of Defendants resulted in the illegal issuance of a building permit and the illegal defacto rezoning of the property occupied by the Utelite facility without legal notice to the public and without public hearing.

29. By allowing the issuance of a building permit and the illegal defacto rezoning of the Utelite facility without notice to the public or a public hearing, Defendants have harmed Plaintiffs without providing them due process of law.

Finally, the complaint prays for "attorneys' fees ... including but not limited to those available pursuant to the terms of Utah Code Ann. § 52-4-1 et seq."

This language asserts that Summit County violated the plaintiffs' due process rights—"a plain reference to an abridgement of a right protected by ... the United States Constitution." *Krishna Consciousness,* 673 P.2d at 373–74.[3] To recoup attorney fees pursuant

3. Like the case at bar, in which the Utah Constitution contains a due process clause mirroring

784

to section 1988, "express reference to conduct as violative of section 1983 is not required; section 1988 is applicable to any action for which section 1983 provides a remedy." *Id.* at 374 (citing *Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980); *Maher v. Gagne,* 448 U.S. 122, 129 n. 11, 100 S.Ct. 2570, 2574 n. 11, 65 L.Ed.2d 653 (1980); *Founding Church of Scientology v. Director, Federal Bureau of Investigation,* 459 F.Supp. 748 (D.D.C.1978)).

I would therefore conclude that plaintiffs' original complaint adequately states a claim for relief pursuant to section 1983. *See id.* Thus, because I would hold plaintiffs prevailed on their due process claims on partial summary judgment, I would also hold they should be awarded reasonable attorney fees here. *See id.* Accordingly, I would reverse the trial court's order regarding this issue.

## CONCLUSION

I dissent in part and concur in the result in part as I would wholly affirm Judge Wilkinson's partial summary judgment order. Further, I agree with the main opinion's result affirming his denial of defendants' motion to dismiss this case for nonjoinder of Union Pacific Railroad. I also agree with the main opinion in reversing Judge Noel's determination that Utelite is liable under a nuisance per se theory solely as a result of violating the Summit County Development Code. Finally, I concur in the main opinion as to all issues raised in plaintiffs' cross-appeal, except that I would reverse Judge Noel's order denying plaintiffs their attorney fees under 42 U.S.C. sections 1983 and 1988.

the one found in the Federal Constitution, the Colorado Constitution has a free exercise clause mirroring the one found in the Federal Constitution. *See* Colorado Const. art. II, § 4. Still, the Colorado Supreme Court implicitly concluded that, although the language in the complaint in *Krishna Consciousness* did not specify the constitutional cause of action derived from the Federal Constitution, it was sufficient to implicate the Federal Constitution. *See International Soc'y for Krishna Consciousness, Inc. v. Colorado State Fair,* 673 P.2d 368, 373 (Colo.1983) (en banc).